**Brenda Fuqua DANIELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 267–91.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 24, 1993.

Noel Portnoy and Sol Ballas, on appeal only, Dallas, for appellant.

Dan V. Dent, Dist. Atty., Hillsboro, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was convicted by a jury of delivery of less than four ounces but more than one-fourth of an ounce of marijuana. The jury assessed punishment at two years in the Texas Department of Corrections and a $2000 fine. The conviction was affirmed by the Tenth Court of Appeals in an unpublished opinion. *Daniell v. State*, No. 10–90–012–CR (Tex.App.—Waco, Nov. 29, 1990). We granted appellant's petition for discretionary review to determine "whether the trial court erred in its response to [a] note from the jury during its deliberations on punishment."

The jury charge at the punishment phase of trial instructed the jury, in relevant part, that it could sentence appellant to confinement in the Texas Department of Corrections for a term not less than two years or more than ten years or to confinement in a community correctional facility for a term of not more than one year.[1] In closing arguments, defense counsel urged the jury to sentence appellant to probation or to a period of several months of custodial supervision in a community correctional facility. The State argued that appellant should serve time in the Texas Department of Corrections.

During deliberations the jury sent the following note to the trial judge:

> Local Correctional Facilities—County jail? Only option?

The judge responded with a note:

> The Hill County Jail is not "a local correctional facility."

Neither party objected to the court's response. The jury then sent another note to the judge:

> Please advise us concerning which local correctional facilities are available. We need to have more information.

At that time, appellant suggested that the judge reply by stating, "During your deliberations, you are not to consider or discuss in which particular facility this Defendant may be required to serve any confinement

---

1. Prior to closing arguments defense counsel requested, outside the presence of the jury, that neither party make any comments to the jury concerning "the availability or non-availability of community correction facilities in this matter." The trial court granted this request, stating that such information "would be outside the record."

you may assess at a local correctional facility." Rejecting appellant's suggestion and over appellant's further objection, the judge instructed the jury as follows:

> I know of no local correctional facilities in Hill County, but there may be such facilities available in nearby counties.

After further deliberation, the jury assessed punishment at two years confinement in the Texas Department of Corrections and a $2000 fine. On the verdict form, after the phrase "OR confinement in a community correctional facility for a term of ...," the presiding juror had written "n/a". Upon submitting their verdict at punishment, the presiding juror stated that the jury would like to make a statement regarding its verdict. The following written statement was read aloud by the trial judge:

> We would like the defendant to understand our reason for imposing this sentence. Not only do we feel it necessary to take a firm stand against illegal drugs but we believe this penalty will give her the opportunity to develop skills that could improve the quality of her life.

Appellant claims that the trial judge's note stating that he knew of "no local correctional facilities ... in Hill County" constituted an injection of new evidence to the jury after deliberations had begun, denying appellant a fair and impartial trial. Affirming appellant's conviction, the court of appeals noted that the trial court was vested with much discretion in deciding whether to provide additional instructions to the jury.[2]

We will reverse.

■ When the trial judge responds substantively to a jury question during deliberations, that communication essentially amounts to an additional or supplemental jury instruction. *See Haliburton v. State*, 578 S.W.2d 726, 728 (Tex.Cr.App.1979) (written communications between judge and jury during deliberations addressed as supplemental instruction); *see also* Article 36.16 V.A.C.C.P. (additional charge may be given after arguments at the request of the jury); *but see Earnhart v. State*, 582 S.W.2d 444, 450 (Tex.Cr.App.1979) (communication from the court that merely refers the jury to the original charge is not an "additional instruction"); *Allaben v. State*, 418 S.W.2d 517, 520 (Tex.Cr.App.1967) (communication from the court informing the jury that the court is unable to respond to the jury's question does not constitute an additional instruction). Therefore, in determining whether the subject matter of the communication was proper, we look to the rules governing instructions.[3] We have recognized that "[i]f an instruction may properly be given in the original charge, it may be given as an additional instruction." *Allaben*, 418 S.W.2d at 521. Article 36.14, which governs the court's charge, provides in relevant part that:

> ... the judge shall ... deliver to the jury ... a written charge distinctly setting forth the law applicable to the case ...

Article 36.14 does not authorize the judge to give instructions with regard to factual matters, but only as to applicable law.

■ In the instant case, the judge informed the jury that there were no correctional facilities available in Hill county. This instruction was not of a legal nature, but was a factual matter. We hold the court of appeals erred in concluding that the trial court did not err in instructing the jury as to the existence of correctional facilities, a factual matter.

The judgment of the court of appeals is reversed and this cause is remanded to the

---

2. We note that the court of appeals did not expressly hold that the trial court did not err in its actions. However, this conclusion is implied in the court of appeals' statement that the trial court has considerable discretion in these matters, followed by its conclusion that there was no reversible error in the absence of a showing of harm.

3. We note that appellant does not complain that the communication between the judge and jury was improper in *form* under article 36.27

court of appeals to conduct a harm analysis.[4]

V.A.C.C.P. The issue, therefore, is whether the communication was improper in *substance*.

**4.** Relying upon *Haliburton v. State*, 578 S.W.2d 726 (Tex.Cr.App.1979), the court of appeals held that "no harm was done by the court's instruction." The court of appeals also cited *McGowan v. State*, 664 S.W.2d 355, 358–59 (Tex.Cr.App. 1984) and *Watson v. State*, 728 S.W.2d 109, 113 (Tex.App.—Houston [14th Dist.] 1987, no pet.)

for the rule that in the absence of a showing of harm, a trial court's improper supplemental instructions will not amount to reversible error. We note that, contrary to the court of appeals' opinion, the issue of harm in the context of jury charge error is properly controlled by Article 36.19 V.A.C.C.P. and our decision in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984).