Opinion issued October 28, 2004















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00896-CR




RONALD JOE NICHOLS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 942699




MEMORANDUM OPINION
          A jury convicted appellant, Ronald Joe Nichols, of the third degree felony of
assault on a public servant, enhanced by a prior felony conviction, and assessed his
punishment at imprisonment for four years. Appellant complains, in two points of
error, that (1) the trial court erred in excluding appellant from a large portion of the
guilt/innocence phase of his trial after an emotional outburst before the court and
within hearing of the jury and (2) the trial court erred when it answered a question
from the jury by instructing them not to consider the actual length of appellant’s
previous incarcerations. We affirm.
BACKGROUND
          On August 18, 2003, appellant attended the voir dire portion of his trial. 
Following the final selection of the jury and their removal from the courtroom, the
court admonished appellant that it found his behavior, specifically making faces at
and nodding to the jury, unacceptable. However, the court made it clear that
appellant did not seem to perform these acts willfully or intentionally, and merely
instructed appellant not to behave in that manner in the future. 
          During the trial, appellant caused a disruption. As the jury retired from the
courtroom, appellant rose to his feet, making “noises as if he was crying.” While
pointing at the witness, assault victim Officer Alonso, appellant shouted “He tried to
kill me.” The court concluded that this was a performance for the benefit of the jury,
which was just outside the open courtroom door. The court ordered the removal of
appellant from the courtroom for the remainder of the guilt/innocence portion of his
trial. The matter was not discussed in the presence of the jury at any time. No
objection was made to appellant’s removal by either appellant’s counsel or the State. 
At the close of the day’s testimony, after the jury was excused and in the presence of
appellant and both counsel, the trial court stated, 
It is important that the record is clear as to the reason Mr. Nichols
is being kept outside the courtroom. 
 
It is my opinion, based on having observed him through the
testimony, as well as through jury selection, that he’s making different
dramatic faces to the jury. He had begun to show expressions whenever
testimony is given, shaking his head or nodding his head, and it is my
opinion that is working to his detriment. I have noticed that the jurors,
some of them have been watching him as he was doing that. 
 
And prior to a break commencing, Mr. Nichols stood up and made
certain statements, came toward a witness that was on the stand and
pointed his finger accusing the man of trying to kill him, I believe is
what he said, and yelled it out while the door to my immediate right
exiting the courtroom that leads to corridor to the jury room was open,
and there were jurors still within my view that were certainly easily
within earshot of what was going on in here. I’m certain that all the
jurors could hear what was going on. 
 
It is for that reason that I am ordering Mr. Nichols to be removed
from the courtroom for the trial. It is as much for his own good as it is
so that we can have orderly business of the court and to see, for many
reasons, that he gets a fair trial in this matter.

The trial court asked appellant’s counsel whether he had anything he wanted to put
on the record. Counsel said, “No.”
          During deliberations at the punishment phase of the trial, the jury sent a note
to the court, asking, “How much time total has Mr. Nichols served including the 10
days and the five years on previous charges?” The court instructed the jury “not to
consider how much actual time appellant served on his previous convictions.” 
Defense counsel objected, arguing that this statement was “an improper comment . . .
to the jury telling them what they can and can’t consider in evidence.” Defense
counsel further argued that it amounted to a “comment . . . on the weight of the
evidence and improper communications.” The court overruled the objection.
DISCUSSION
Exclusion from Courtroom
          In his first point of error, appellant argues that his exclusion from the
courtroom during trial deprived him of his Sixth Amendment right to confront his
accusers. See U.S. Const. amend. VI. Appellant argues that his actions—making
faces and shaking or nodding his head—were insufficient to justify his exclusion
from the courtroom for the remainder of the trial.
          A criminal defendant may lose his constitutional right to be present at trial
through his disruptive or disorderly conduct during the trial. Illinois v. Allen, 397
U.S. 337, 343, 90 S. Ct. 1057, 1060-61 (1970); see also Miller v. State, 692 S.W.2d
88, 90 (Tex. Crim. App. 1985). In this case, the trial court had admonished appellant
about making faces and nodding while in the jury’s presence. The record reflects that
appellant continued such behavior during trial and, as the jury was exiting the
courtroom for a recess, approached a witness, made crying noises, and shouted, “He
tried to kill me.” We conclude that this behavior was sufficiently disruptive and
disorderly to justify appellant’s exclusion from the courtroom during the remainder
of the trial. We overrule appellant’s first point of error. 
Comment on the Weight of the Evidence
          In his second point of error, appellant contends that the court erred in its
answer to the question presented by the jury during deliberations. Appellant argues
that the court’s instruction “not to consider how much actual time appellant served
on his previous convictions,” improperly told the jury what evidence they could and
could not consider, and constituted an inappropriate comment on the weight of the
evidence by the court. 
          Responses to questions from the jury during deliberations amount to additional
instructions and are reviewed under the same standard as original jury charges. See
Daniell v. State, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993). When reviewing the
jury charge, this court must look at two factors: first, whether the trial court erred,
and second, assuming an error and a timely objection to that error, whether the error
resulted in “some harm.” Abdnor v. State, 871 S.W.2d 726, 732-33 (Tex. Crim. App.
1994). Here, the first factor is dispositive.
          Appellant cites no authority to support his contention that the trial court erred
in the additional instruction it issued. The information requested by the jury was not
in evidence.


 Therefore, the court’s instruction not to consider the actual time served
was not a comment on the evidence. 
          In addition, appellant does not claim that the trial court should have given a
substantive answer to the jury’s question. Indeed, such an answer would have been
a clear violation of article 37.07 of the Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 37.07 § 4(c), (d) (Vernon Supp. 2004-2005) (providing jury
instruction not to consider application of parole law to particular defendant). Rather,
appellant argues that the instruction was unclear and confusing. We disagree. The
trial court’s instruction, “You are not to consider how much actual time appellant
served on his previous convictions,” is clear and unambiguous. 
          We conclude that the trial court did not err in its response to the jury. We
overrule appellant’s second point of error.
Conclusion
We affirm the judgment of the trial court.
 
 
                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).