# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00136-CR

**Wayne Rich, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NO. 2032448, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Wayne Rich of attempted murder, assessing punishment of twenty years' imprisonment and a $10,000 fine. *See* Tex. Pen. Code Ann. §§ 15.01, 19.02 (West 2003). In one issue, appellant contends that the trial court committed reversible error in answering two jury questions, arguing that those answers were improper supplemental jury instructions. We affirm the trial court's judgment of conviction.

The underlying facts are not in question. However, because the circumstances of the offense are relevant to sentencing considerations, we will provide a brief recitation of the facts. Appellant is HIV positive and had been under the care of Dr. David Wright for several years. Dr. Wright is a family practice physician with a large HIV/AIDS practice who offices in a medical professional building that is part of the Brackenridge Hospital Complex. On June 26, 2003, appellant went to an appointment with Dr. Wright armed with a .44 caliber revolver and a sawed-off

.410 shotgun. When the doctor entered the exam room, appellant pointed the revolver at him. The doctor seized the barrel of the gun and struggled with appellant. During the struggle, the revolver discharged, shooting a bullet through the wall into Wright's office, but no one was injured by the shot. Two other people ran into the exam room and helped Wright subdue appellant and take the gun away. Appellant said he had planned to shoot Wright with the handgun and then turn the shotgun on himself.

Before trial, appellant filed an unsworn application for community supervision,[1] reciting that he had never been convicted of a felony. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (West Supp 2004-05) (to be eligible for community supervision, defendant must file *sworn* motion stating that he has no prior felony convictions). During voir dire, defense counsel told the court outside of the jury's presence that appellant had been in trouble in Maryland in the 1970's but could not remember whether he had been convicted of a felony. The prosecutor stated that he had tried unsuccessfully to get appellant's Maryland records, saying, "their record keeping is just horrible, and these are really old cases." The prosecutor said he was "fine with submitting the issue of probation to the jury," but warned that if he later got records showing a felony conviction, he would "be either filing perjury or some kind of offense for a falsity on the Court."

The State presented no evidence regarding appellant's prior criminal record, and appellant did not file a sworn application for probation or testify that he had no prior felony convictions. After the State rested at the punishment stage and outside of the jury's presence,

---

[1] "Community supervision" and "probation" refer to the same sentencing option and are used interchangeably. *Ballard v. State*, 126 S.W.3d 919, 919 n.1 (Tex. Crim. App. 2004).

2

defense counsel asked the trial court to take judicial notice of appellant's application for probation. The court replied that appellant had the burden of showing by a preponderance of the evidence that he was eligible for probation, *see Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999), and said, "Me taking judicial notice that it is filed proves only that it is filed." When the jury returned to the courtroom, however, the trial court took judicial notice that appellant had filed an application for probation; the State did not object to the trial court's statement. The jury charge made no mention of probation and did not give the jury the option of recommending probation.

Despite the fact that the issue of probation was not submitted to the jury, defense counsel said in his closing argument, "We filed an application for probation, but I think I would be insulting all of you if I beat my fist on the jury rail here and said that probation was going to be justice in this case because it is not." Counsel argued against the imposition of the maximum possible punishment, saying, "In this case, you are not presented with any evidence of a criminal history, a rap sheet on Wayne Rich. You don't have some hardened criminal here." The prosecutor then began his rebuttal argument, saying:

> The punishment range in this case, members of the jury, is from two years to 20 years in prison. As you know, someone is not eligible for probation if they have ever been convicted of a felony either in this state or another state. That is the only time a person can have probation submitted to a jury, if they have never been convicted of a felony in this state or another state. You do not have probation as an option available to you, and as a jury you can make reasonable inferences from the evidence.

Appellant did not object to this statement.

The statements by defense counsel and the prosecution apparently confused the jury, which during deliberations sent the trial court a note asking first, "Should we infer the defendant has

3

had a prior felony conviction because the prosecution said he is not eligible for probation because probation is not available to someone who has a prior felony here or in another state?" The trial court answered this question, "It simply means that no proof was presented that the defendant was eligible for probation." The jury's second question was, "What is filed for community supervision?" The court answered, "The law requires that a motion for community supervision/probation be filed prior to trial. As pointed out in No. 1 above, there is no evidence that the defendant is eligible for probation." Appellant did not object to the trial court's answers but asked the court to instruct the jury that "there is no evidence that he is ineligible for probation and there's no evidence that he has a felony conviction." The trial court denied that request.

On appeal, appellant argues that the trial court's response improperly instructed the jury on a factual, rather than legal, matter. He argues that the answers had the effect of reinforcing the prosecutor's improper suggestion that appellant had a prior felony conviction, thus contributing to the jury's decision to impose the maximum punishment available.

When a trial court makes a substantive response to a jury question during jury deliberations, the court's communication amounts to an additional or supplemental jury instruction. *Daniell v. State*, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993); *see* Tex. Code Crim. Proc. Ann. art. 36.16 (West 1981). In determining whether such an instruction was proper, we use the general rules governing jury instructions. *Daniell*, 848 S.W.2d at 147. If the instruction properly could have been given in the original charge, it may be given as a supplemental instruction. *Id*. (quoting *Allaben v. State*, 418 S.W.2d 517, 521 (Tex. Crim. App. 1967)). A trial court is to provide the jury with a charge setting out the law applicable to the case, Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp.

4

2004-05), but it is not authorized to give instructions with regard to factual matters. *Daniell*, 848 S.W.2d at 147. However, when the evidence requires a particular finding as a matter of law or requires the court to call the jury's attention to certain evidence, the jury charge should include such an instruction. *See Atkinson v. State*, 923 S.W.2d 21, 24-25 (Tex. Crim. App. 1996) (court may have to point out evidence giving rise to statutory presumption or limited to a certain purpose).

In its answers to the jury's questions, the court told them twice that there was no evidence that appellant was eligible for probation. This was clearly an instruction on a factual matter that was not required as a matter of law. We are constrained by *Daniell* to hold that the supplemental instruction was error.

Error in supplemental jury instructions is controlled by code of criminal procedure article 36.19 and the opinion in *Almanza v. State*. *Id*. at 148 n.4; *see* Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). When, as here, there is jury charge error to which no proper objection was made at trial, reversal is required only if the error was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Almanza*, 686 S.W.2d at 171 (quoting art. 36.19). "[E]rrors which result in egregious harm are those which affect 'the very basis of the case,' deprive the defendant of a 'valuable right,' or 'vitally affect a defensive theory.'" *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). "[T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a

5

whole." *Almanza*, 686 S.W.2d at 171. The harm to the accused must be actual, not just theoretical. *Id*. at 174.

The supplemental instructions at issue here were the culmination of a series of events at trial. First, appellant's counsel asked the court to acknowledge in the jury's presence that appellant had filed an application for probation even though the application was not sworn and did not establish appellant's eligibility for probation. Then, in his argument, counsel attempted to use the probation non-issue to appellant's advantage by drawing the jury's attention to the probation application and portraying himself as the voice of reason by acknowledging that probation would not be a just result in this case. This argument, of course, omitted the fact that the application for probation was legally ineffective and misleadingly implied that appellant was eligible for probation. The prosecutor then responded to defense counsel's argument with his own misleading argument that invited the jury to infer that appellant had a previous felony conviction.

The trial court was thus faced with a situation in which improper inferences invited by both parties during argument had obviously confused the jury. The court responded to the jury's questions by attempting to explain that the issue of probation had not been raised, while at the same time avoiding the suggestion that appellant either did or did not have a criminal record. Although the court's supplemental instructions violated article 36.16 as construed in *Daniell*, the real harm to appellant came from the prosecutor's improper argument suggesting that appellant had a criminal record. This argument, to which appellant did not object, was itself a response to defense counsel's improper argument suggesting that appellant was eligible for probation. The court's instructions were an attempt to refocus the jury on the true issues in the case and stop further speculation by the

6

jury regarding facts not in evidence.  We conclude that, under the circumstances, the supplemental instructions were more curative than prejudicial to appellant.

In light the circumstances in which the challenged instructions were given and considering the facts of the offense, the error in the court's charge did not affect the very core of the case.  *See Hutch*, 922 S.W.2d at 171; *and see Atkinson*, 923 S.W.2d at 25 (jury instruction drawn so as to submit an issue without suggesting resolution; "[t]hat is the best that can be expected of any jury instruction under our law"); *Ewing v. State*, 549 S.W.2d 392, 395 (Tex. Crim. App. 1977); *Johnson v. State*, 987 S.W.2d 79, 88 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).  Appellant has not shown egregious harm.

We overrule appellant's sole point of error and affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   June 23, 2005

Do Not Publish

7