11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Eric
Jerome Gilmore

Appellant

Vs.                   No. 11-96-00383-CR -- Appeal from Taylor County

State
of Texas

Appellee

 

On Remand

Eric Jerome Gilmore, appellant, was found guilty
of aggravated assault and sentenced to confinement for 20 years.  Upon original submission, we held that
appellant was harmed because the jury was not allowed to consider the lesser
included offense.  The Court of Criminal
Appeals reversed our judgment and remanded the cause for consideration of
appellant=s
remaining three points of error.[1]  We affirm.

The prior proceedings disposed of appellant=s first three points of error.  Appellant=s
fourth point of error is that the trial court erred in responding to the jury=s question regarding appellant=s credit for jail time served because
the response invaded the province of the executive branch. Appellant=s fifth point of error is that the
trial court abused its discretion in excusing a juror, over appellant=s objection, and allowing appellant to
be improperly convicted by a jury of fewer than 12 jurors in violation of TEX.
CODE CRIM. PRO. ANN. art. 36.29 (Vernon Pamph. Supp. 2004 - 2005).  Appellant=s
sixth point of error is that the trial court erred in failing to grant
appellant=s motion
for mistrial following the trial court=s
dismissal of one of the jurors.

Jury Note








After
the jury retired to deliberate, it sent a note to the trial court.  The note read, AWill
Mr. Gilmore get credit for time served and if so how long has he been in jail?@  The
trial court answered, AMr. Gilmore will get credit for the time he
has been in jail.  You will recall the
evidence on the length of time he had been in jail.@

When the
trial court responds substantively to a jury question during deliberations,
that communication amounts to an additional or supplemental jury instruction.  Daniell v. State, 848 S.W.2d 145, 147
(Tex.Cr.App.1993).  Therefore, in
determining whether the subject matter of the communication was proper, we look
to the rules governing the court=s
charge.  The Texas Code of Criminal
Procedure authorizes the trial court to give instructions with regard to
applicable law, but not to factual matters. 
TEX. CODE CRIM. PRO. ANN. art. 36.14 (Vernon Supp. 2004 - 2005).  If an instruction may be given in the
original charge, it may be given as an additional instruction.  Daniell v. State, supra at 147; Allaben
v. State, 418 S.W.2d 517, 521 (Tex.Cr.App.1967).  In this case, the additional instruction did not pertain to factual
matters and was a correct statement of law. 

Appellant argues that the trial court=s response to the jury note violated
the separation of powers outlined in the Texas Constitution similar to the jury
instruction held constitutionally invalid in Rose v. State, 752 S.W.2d
529 (Tex.Cr.App.1987).  The
constitutional issue in Rose concerned former TEX. CODE CRIM. PRO. art.
37.07, ' 4(a)
(1985), which required trial courts to instruct the juries regarding good
conduct time and parole eligibility. 
Former Article 37.07, section 4(a) authorized the jury to consider the
existence of good conduct time and parole law, but it did not allow the jury to
consider the extent to which good conduct time might be awarded to or forfeited
by the particular defendant or how the parole law might be applied to the
defendant.  The Rose majority
reasoned that juries B
being made aware of good conduct time and parole B
would increase sentences to make certain that defendants served a minimum
amount of time and thereby thwart the executive branch=s
prerogative of awarding good conduct time and granting parole.  The Rose court held that the
instruction in former Article 37.07 was unconstitutional because it violated
the separation of powers provision of TEX. CONST. art. III, ' 1 and the due course of law clauses of
TEX. CONST. art. I, ''
13 & 19.  








Subsequent to the Rose decision, the Texas
Constitution was amended to specifically authorize the enactment of legislation
permitting courts to inform juries about the effect of good conduct time and
eligibility for parole on the period of incarceration served by the defendant.  TEX. CONST. art. 14, '
11(a).  The same legislature that adopted
the constitutional amendment also reenacted TEX. CODE CRIM. PRO. ANN. art.
37.07, ' 4(a)
(Vernon Pamph. Supp. 2004 - 2005).

It has long been recognized that the power
to define offenses and fix punishments is reserved for the legislature.  Baker v. State, 158 S.W. 998, 1002
(Tex.Cr.App.1913).  The constitution
confers upon the legislature the authority and power to define crimes and fix
the punishment.  Baker v. State,
supra.  When the legislature enacts a
law defining a crime and fixing the penalty, unless vetoed by the governor, it
becomes the law of the land.  Baker v. State, supra.  

TEX. CODE CRIM. PRO. ANN. art. 42.03, ' 2(a) (Vernon Pamph. Supp. 2004 - 2005)
states in relevant part that A[i]n
all criminal cases the judge of the court in which the defendant was convicted
shall give the defendant credit on his sentence for the time that the defendant
has spent in jail in said cause.@  Time already served by a defendant is
credited to the pronounced sentence by statute; and the time credited is not variable,
is not based on a defendant=s
behavior, and its determination is not within the trial court=s discretion.  The additional instruction by the trial court
below was proper, and there was no
infringement by the trial court
on the clemency powers of the executive.

Appellant also argues that he could not object to
the trial court=s
response because he was not made aware of the note sent out by the jury or the
trial court=s
answer.  In the absence of a showing to
the contrary in the record, we presume the trial court=s
response was in open court and in appellant=s
presence.  Green v. State, 912
S.W.2d 189 (Tex.Cr.App.1995).  Therefore,
we presume that appellant had an opportunity to object.  Appellant=s
fourth point of error is overruled.

Dismissal of Juror








The jury was empaneled on November 18, 1996.  On day two of the trial, the trial court
informed the attorneys that Juror Candace McLeod was at the hospital with her
son.  Juror McLeod=s
son was taken to the hospital during the night with a high fever and
asthma.  Juror McLeod advised the court
that she believed her son would be discharged; however, she had no one to take
care of him as her husband was out of the country on a temporary duty
assignment.  Over appellant=s objection, the trial court dismissed
Juror McLeod from jury service and proceeded with 11 jurors.  Appellant then asked for a mistrial based on
proceeding with only 11 jurors.  The
trial court denied the motion or mistrial. 
Because Juror McLeod was dismissed, the number of African-Americans on
the jury was reduced to one.

Appellant argues that the trial court violated the
mandates of Article 36.29 by excusing Juror McLeod.  Appellant argues that the trial court should
not have excused Juror McLeod because she was not disabled as defined by
Article 36.29.  Appellant also argues
that Juror McLeod did not have any physical illness, mental condition, or
emotional states which hindered her ability to perform her duties as a
juror.  Appellant further argues that the
trial court erred in failing to grant appellant=s
motion for mistrial following the trial court=s
dismissal of Juror McLeod.

ADisabled@ means any condition that inhibits the
juror from fully and fairly performing the functions of a juror.  Absent an abuse of discretion by the trial
judge in determining disability of the juror, no reversible error is
shown.  Griffith v. State, 486
S.W.2d 948, 951 (Tex.Cr.App.1972).  The
Court of Criminal Appeals has held that emotional pressures due to an illness
in the family will justify discharge under Article 36.29.  Carrillo v. State, 597 S.W.2d 769, 770
(Tex.Cr.App.1980).  Likewise, the
pressure of having a sick child with no one to help take care of him justified
the trial court=s
decision to discharge Juror McLeod.  Edwards
v. State, 981 S.W.2d 359, 367 (Tex.App. - Texarkana 1998, no pet=n). 
We find that the trial court did not abuse its discretion in concluding
that Juror McLeod could not perform her duties as a juror.  Likewise, the trial court did not err in
denying appellant=s motion
for mistrial.  Points of Error Nos. 5 and
6 are overruled.

This Court=s
Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

July 7, 2005

Do not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Eric Jerome Gilmore v. State, No. 0469-99 (Tex.Cr.App.
June 23, 2004)(not designated for publication).