DAVIS v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-342-CR

LEONIDAS EUGENE DAVIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Leonidas Eugene Davis appeals his conviction of burglary of a habitation with the intent to commit aggravated assault.  In his sole point, Appellant argues that the trial court’s response to a jury’s note during deliberations resulted in an incorrect and unjust verdict.  We affirm.

Appellant complains that the trial court’s response to a jury note during deliberations amounts to an additional or supplemental jury instruction, which is substantive in nature and constitutes fundamental error.  The State contends that the trial court properly submitted a supplemental instruction as to the law applicable to the case.

Responses to jury notes are reviewed in the same manner as regular charge practices.  
See
 
Tex. R. Civ. P
. 286; W. Wendell Hall, 
Standards of Review in Texas
, 29 St. Mary's L.J. 351, 452 (1998).  Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id
. at 731-32.  Error in the charge, if timely objected to in the trial court, requires reversal if the error is "calculated to injure the rights of the defendant," which means no more than that there must be some harm to the accused from the error.  
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
see Abdnor
, 871 S.W.2d at 731-32; 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).  In other words, a properly preserved error will call for reversal as long as the error is not harmless.  
Almanza
, 686 S.W.2d at 171.  In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."  
Id
.; 
see also Ovalle v. State
, 13 S.W.3d 774, 786-87 (Tex. Crim. App. 2000). 

We conclude the trial court did not err in its response to the jury's note.  When a trial judge responds substantively to a jury question during deliberations, that communication essentially amounts to an additional or supplemental jury instruction.  
Daniell v. State
, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993).  
But see Earnhart v. State
, 582 S.W.2d 444, 450 (Tex. Crim. App. [Panel Op.] 1979) (holding that communication from the court that merely refers the jury to the original charge is not an "additional instruction").  Therefore, in determining whether the subject matter of the communication was proper, we look to the rules governing instructions.
 Tex. Code Crim. Proc. Ann
. art. 36.14 (Vernon Supp. 2004-05) (authorizing the judge to give instructions as to applicable law but not factual matters); 
Daniell
, 848 S.W.2d at 147 (holding that trial court erred in informing jury that there were no correctional facilities available in the county because the instruction was factual rather than legal).  If an instruction may properly be given in the original charge, it may be given as an additional instruction as well. 
 Daniell
, 848 S.W.2d at 147; 
Barrera v. State
, 10 S.W.3d 743, 747 (Tex. App.—Corpus Christi 2000, no pet.). 

Here, the jury sent out a note to the court with two questions: 1) “Does Mr. Davis’ time served up to this point for this crime count towards his total sentence time?” and 2) “How long has he been in jail for this crime up to this point?”

Prior to the trial court sending a note in response to the jury’s question, Appellant objected to the court’s proposed answer.  The trial court overruled Appellant’s objection and sent in a note that stated:

Under the law “in all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause from the time of his arrest and confinement until his sentence by the trial court.”

The length of time the defendant has been in jail, if he has, is not in evidence in this case.

Additionally, remember that “you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant,” page 2, paragraph 4.

The jury reached a verdict approximately twelve minutes after it received the trial court’s response.

The trial judge’s response to the jury note tracks the language from the code of criminal procedure.  
See
 
Tex. Code Crim. Proc. Ann
. art. 42.03 § 2(a) (Vernon Supp. 2004-05).  The trial court gave the jury an instruction as to the applicable law, and such an instruction would have been appropriate in the original charge.  
See Barrera
, 10 S.W.3d at 747.  Therefore, it was a proper additional instruction.  Furthermore, contained in the trial court’s response was a reference to the original charge.  
See Earnhart
, 582 S.W.2d at 449-50.

Although courts have held that reversal may be appropriate when evidence exists that the jury actually was confused by the charge, we do not have such evidence before us.  
See Williams v. State
, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996);  
Cagle v. State
, 23 S.W.3d 590, 594 (Tex. App.—Fort Worth 2000, pet. ref'd); 
Martinez v. State
, 969 S.W.2d 497, 501 (Tex. App.—Austin 1998, no pet.).  Any possible confusion that may have existed was cured by the court's response to the jury question.  We must then presume that the jury followed the court's instructions after receiving the response to their question.  Beyond this communication, we have no evidence before us showing any other possible confusion.  
See Green v. State
,  912 S.W.2d 189, 192 (Tex. Crim. App. 1995) (stating a court cannot speculate about matters not established in the record), 
cert. denied
, 516 U.S. 1021 (1996). 

Because the trial court's additional instruction could have been included in the original charge and Appellant presented no evidence to overcome the presumption that the jury followed the court's instructions, the trial court committed no error.  Therefore, we overrule Appellant's sole issue and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 14, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.