COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-342-CR
 
  
LEONIDAS 
EUGENE DAVIS                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Leonidas Eugene Davis appeals his conviction of burglary of a habitation with 
the intent to commit aggravated assault. In his sole point, Appellant argues 
that the trial court’s response to a jury’s note during deliberations 
resulted in an incorrect and unjust verdict. We affirm.
        Appellant 
complains that the trial court’s response to a jury note during deliberations 
amounts to an additional or supplemental jury instruction, which is substantive 
in nature and constitutes fundamental error. The State contends that the trial 
court properly submitted a supplemental instruction as to the law applicable to 
the case.
        Responses 
to jury notes are reviewed in the same manner as regular charge practices. See 
Tex. R. Civ. P. 286; W. Wendell 
Hall, Standards of Review in Texas, 29 St. Mary's L.J. 351, 452 (1998). 
Appellate review of error in a jury charge involves a two-step process. Abdnor 
v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we must 
determine whether error occurred. If so, we must then evaluate whether 
sufficient harm resulted from the error to require reversal. Id. at 
731-32. Error in the charge, if timely objected to in the trial court, requires 
reversal if the error is "calculated to injure the rights of the 
defendant," which means no more than that there must be some harm to the 
accused from the error. Tex. Code Crim. 
Proc. Ann. art. 36.19 (Vernon 1981); see Abdnor, 871 S.W.2d at 
731-32; Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. 
on reh'g). In other words, a properly preserved error will call for reversal as 
long as the error is not harmless. Almanza, 686 S.W.2d at 171. In making 
this determination, "the actual degree of harm must be assayed in light of 
the entire jury charge, the state of the evidence, including the contested 
issues and weight of probative evidence, the argument of counsel and any other 
relevant information revealed by the record of the trial as a whole." Id.; 
see also Ovalle v. State, 13 S.W.3d 774, 786-87 (Tex. Crim. App. 2000).
        We 
conclude the trial court did not err in its response to the jury's note. When a 
trial judge responds substantively to a jury question during deliberations, that 
communication essentially amounts to an additional or supplemental jury 
instruction. Daniell v. State, 848 S.W.2d 145, 147 (Tex. Crim. App. 
1993). But see Earnhart v. State, 582 S.W.2d 444, 450 (Tex. Crim. App. 
[Panel Op.] 1979) (holding that communication from the court that merely refers 
the jury to the original charge is not an "additional instruction"). 
Therefore, in determining whether the subject matter of the communication was 
proper, we look to the rules governing instructions. Tex. Code Crim. Proc. Ann. art. 36.14 
(Vernon Supp. 2004-05) (authorizing the judge to give instructions as to 
applicable law but not factual matters); Daniell, 848 S.W.2d at 147 
(holding that trial court erred in informing jury that there were no 
correctional facilities available in the county because the instruction was 
factual rather than legal). If an instruction may properly be given in the 
original charge, it may be given as an additional instruction as well. Daniell, 
848 S.W.2d at 147; Barrera v. State, 10 S.W.3d 743, 747 (Tex. 
App.—Corpus Christi 2000, no pet.).
        Here, 
the jury sent out a note to the court with two questions: 1) “Does Mr. 
Davis’ time served up to this point for this crime count towards his total 
sentence time?” and 2) “How long has he been in jail for this crime up to 
this point?”
        Prior 
to the trial court sending a note in response to the jury’s question, 
Appellant objected to the court’s proposed answer. The trial court overruled 
Appellant’s objection and sent in a note that stated:
   
Under the law “in all criminal cases the judge of the court in which the 
defendant was convicted shall give the defendant credit on his sentence for the 
time that the defendant has spent in jail in said cause from the time of his 
arrest and confinement until his sentence by the trial court.”
 
The 
length of time the defendant has been in jail, if he has, is not in evidence in 
this case.
 
Additionally, 
remember that “you are not to consider the extent to which good conduct time 
may be awarded to or forfeited by this particular defendant,” page 2, 
paragraph 4.
 
 
The 
jury reached a verdict approximately twelve minutes after it received the trial 
court’s response.
        The 
trial judge’s response to the jury note tracks the language from the code of 
criminal procedure. See Tex. Code 
Crim. Proc. Ann. art. 42.03 § 2(a) (Vernon Supp. 2004-05). The trial 
court gave the jury an instruction as to the applicable law, and such an 
instruction would have been appropriate in the original charge. See Barrera, 
10 S.W.3d at 747. Therefore, it was a proper additional instruction. 
Furthermore, contained in the trial court’s response was a reference to the 
original charge. See Earnhart, 582 S.W.2d at 449-50.
        Although 
courts have held that reversal may be appropriate when evidence exists that the 
jury actually was confused by the charge, we do not have such evidence before 
us. See Williams v. State, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996); Cagle 
v. State, 23 S.W.3d 590, 594 (Tex. App.—Fort Worth 2000, pet. ref'd); Martinez 
v. State, 969 S.W.2d 497, 501 (Tex. App.—Austin 1998, no pet.). Any 
possible confusion that may have existed was cured by the court's response to 
the jury question. We must then presume that the jury followed the court's 
instructions after receiving the response to their question. Beyond this 
communication, we have no evidence before us showing any other possible 
confusion. See Green v. State, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995) 
(stating a court cannot speculate about matters not established in the record), cert. 
denied, 516 U.S. 1021 (1996).
        Because 
the trial court's additional instruction could have been included in the 
original charge and Appellant presented no evidence to overcome the presumption 
that the jury followed the court's instructions, the trial court committed no 
error. Therefore, we overrule Appellant's sole issue and affirm the trial 
court’s judgment.
  
   
                                                                  PER 
CURIAM
 
  
 
PANEL 
F: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 14, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.