**Opinion issued January 24, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00730-CR

———————————

**TROY ANTHONY CONWAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1255787**

---

## MEMORANDUM OPINION

A jury convicted appellant, Troy Anthony Conway, of the first-degree

felony offense of aggravated sexual assault of a child under the age of fourteen[1]

---

[1]    *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2012).

and assessed his punishment at fifteen years' confinement. In his single issue on appeal, he argues that the trial court's response to and handling of a jury question during the punishment-phase deliberation constitutes reversible error because the trial court did not comply with Texas Code of Criminal Procedure article 36.27 and misstated the law.

We affirm.

## Background

Appellant was convicted of aggravated sexual assault of his stepdaughter. During its deliberation in the punishment phase of trial, the jury sent a note to the trial court asking, "What happens if the jury [cannot] decide on a unanimous sentence?" The trial court responded, "A mistrial would be declared and the case would have to be retried."

Sometime after this response was given to the jury, the trial court questioned the jury foreperson in open court regarding its deliberations. The trial court asked about the jury's "last note sent—that you sent to the Court indicated that you might be having trouble reaching a verdict. Are you still at that stage?" The foreperson responded that the jury was still deliberating but it was possible that it could reach a verdict that afternoon. The trial court then asked, "So . . . you don't believe you're wasting your time; is that correct?" The foreperson agreed, and the trial court instructed the jury to continue deliberating.

## Analysis

Texas Code of Criminal Procedure article 36.27 governs the procedure that a trial court must follow when answering a question from the jury. It provides:

> The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.
>
> All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.

TEX. CODE CRIM. PROC. ANN. art. 36.27 (Vernon 2006).

The State argues that, by presenting a record that is silent regarding the procedures used in responding to the jury question and that does not reflect that he objected to the procedure or answers, appellant "procedurally defaulted" any claim of an article 36.27 violation and any objection to the trial court's answer to the jury question. We agree.

In *Green v. State*, the Texas Court of Criminal Appeals considered Green's complaint regarding the trial court's response to a jury question. 912 S.W.2d 189, 192 (Tex. Crim. App. 1995). In *Green*, as in the present case, the record was silent regarding the procedure followed by the trial court in responding to the jury

3

question, and it did not reflect that Green objected to the trial court's response. *Id.* at 192. Thus, the Court of Criminal Appeals concluded that Green had presented nothing for review. *Id.*

In response to Green's argument that "he had no opportunity to object," the court stated, "This Court does not decide cases based on speculation about matters not shown in the record. In the absence of a showing to the contrary in the record, we presume the trial court's response was in open court and in appellant's presence." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 36.27). Green also argued that the "trial court's response 'egregiously harmed' him under the standard set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)."[2] *Id.* (citing *Daniell v. State*, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993) (holding that when trial court responds substantively to jury question during deliberations, that communication essentially amounts to additional or supplemental jury instruction)). The Court of Criminal Appeals likewise rejected this argument, stating, "Since we presume the trial court's response was in open court and in appellant's presence, we also presume appellant agreed to it. Therefore, appellant waived any error, and the *Almanza* standard is inapplicable." *Id.* at 193 (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)). The court went on

---

[2] *Almanza v. State* provides that when there is no objection to the jury charge at the trial level, the defendant must establish on appeal that the error caused him egregious harm in order to obtain a reversal. 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

to state that, even assuming the applicability of *Almanza,* it found no "egregious harm." *Id.* at 193.

More recently, in *Word v. State*, the Court of Criminal Appeals reaffirmed its holding in *Green*. 206 S.W.3d 646, 651 (Tex. Crim. App. 2006). It again held that "[i]t is usually the appealing party's burden to present a record showing properly preserved, reversible error," and it stated that "[n]othing in Article 36.27 (including its second paragraph) expressly indicates a legislative intent that appellate courts should disregard usual rules of procedural default and rules of appellate procedure and presume that a defendant had no opportunity to object to the trial court's answers to jury questions when the record is silent." *Id.* 651–52. It observed that the record Word presented to the court did not show that the trial court failed to notify him of the jury questions or that he objected to the trial court's answers to the jury questions and concluded, "The record presented to the Court of Appeals, therefore, required a decision that [Word] procedurally defaulted any claimed violation of Article 36.27 and any objection to the trial court's answers to the jury questions." *Id.* at 652.

Here, as in *Green* and *Word*, the record is silent regarding the procedures the trial court used in responding to the jury question. The record does not reflect that appellant objected to the trial court's handling of the jury question. Thus, "[i]n the absence of a showing to the contrary in the record, we presume the trial court's

5

response was in open court and in appellant's presence" as required by article 36.27.  *See Green*, 912 S.W.2d at 192; *see also Word*, 206 S.W.3d at 651 (declining to abandon *Green's* presumption of trial court's compliance with article 36.27 when record is silent).  Furthermore, "[s]ince we presume the trial court's response was in open court and in appellant's presence, we also presume appellant agreed to it."  *See Green*, 912 S.W.2d at 193.  Therefore, we conclude, as did the Court of Criminal Appeals in *Green*, that appellant waived any error and that the *Almanza* standard is inapplicable.  *See id.*; *see also Word*, 206 S.W.3d at 652 (holding that record that "did not show that the trial court failed to notify appellant of the jury questions or that appellant objected to the trial court's answers to the jury questions . . . required a decision that appellant procedurally defaulted any claimed violation of Article 36.27 and any objection to the trial court's answers to the jury questions").

Appellant argues that the trial court's answer to the jury question was a supplemental instruction subject to analysis under *Almanza*.  We agree with appellant that "[w]hen the trial court responds substantively to a question the jury asks during deliberations, that communication essentially amounts to a supplemental jury instruction, and the trial court must follow the same rules for impartiality and neutrality that generally govern jury instructions."  *See Lucio v. State*, 353 S.W.3d 873, 875 (Tex. Crim. App. 2011) (citing *Daniell*, 848 S.W.2d at

6

147). However, the Court of Criminal Appeals has rejected the argument that the *Almanza* egregious harm analysis applies when the record is silent regarding the trial court's handling of a jury question. *See Green*, 912 S.W.2d at 192–93 (presuming that trial court's response was in open court and in appellant's presence and that appellant agreed to it, and concluding that "appellant waived any error, and the *Almanza* standard is inapplicable"); *see also Word*, 206 S.W.3d at 651–52 (concluding that silent record required decision that appellant "procedurally defaulted any claimed violation of Article 36.27 and any objection to the trial court's answers" without applying *Almanza*).

Furthermore, even assuming the applicability of *Almanza* and error in the trial court's response to the jury question, appellant has not suffered "egregious harm." *See Green*, 912 S.W.2d at 193 ("Assuming the applicability of the *Almanza* standard, we find no 'egregious harm.'"); *see also Almanza*, 686 S.W.2d at 171 (holding that, in determining whether egregious harm occurred, we review error in light of entire jury charge, state of evidence, argument of counsel, and other relevant information). Here, appellant argues that he was harmed because the trial court's answer failed to inform the jury that a mistrial on the issue of punishment would lead to a retrial of the punishment phase only and that it would be dismissed and a new jury impanelled to decide appellant's punishment should a mistrial be declared. Thus, "[t]he jury was left to labor under either an incomplete

or incorrect understanding of the law" and was possibly coerced into agreeing on a punishment verdict.

Here, the trial court's answer, although possibly incomplete, did not affirmatively misstate the law. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(c) (Vernon Supp. 2012) ("In the event the jury shall fail to agree on the issue of punishment, a mistrial shall be declared only in the punishment phase of the trial, the jury shall be discharged, and no jeopardy shall attach. The court shall impanel another jury as soon as practicable to determine the issue of punishment."); *Howard v. State*, 941 S.W.2d 102, 124–25 (Tex. Crim. App. 1996) (rejecting appellant's argument that supplemental charge was coercive in its context because jury might erroneously assume that failure to agree would result in entirely new trial); *Draper v. State*, 335 S.W.3d 412, 417–18 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (rejecting contention that trial court's answer to similar jury question at punishment phase was erroneous because it failed to inform jury that mistrial would result only in retrial as to punishment). Furthermore, in the initial charge on punishment, the jury was instructed, "Having found [appellant] guilty of aggravated sexual assault of a child, it now becomes your duty to assess the punishment in this case." Thus, in the context of the entire charge, the jury was properly informed that the question of punishment was the only issue confronting

it at that time, and nothing in the record suggests that the jury disregarded or was confused by these instructions. *See Draper*, 335 S.W.3d at 417.

Nor did the trial court's answer to the jury's question affect the basis of appellant's case, deprive him of a valuable right, or vitally affect a defensive theory. *See Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) ("Errors that result in egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'").

Appellant did not receive a particularly harsh sentence, given the severity of his crime. *See* TEX. PENAL CODE ANN. § 12.32(a) (providing that punishment range for first degree felony is imprisonment "for life or for any term not more 99 years or less than 5 years"). And, the record does not otherwise indicate possible coercion by the trial court's answer. The trial court responded to a straightforward question with an answer that addressed the question posed. *See Green*, 912 S.W.2d at 193. Furthermore, the trial court's subsequent discussion with the jury foreperson contains no indication of coercion or confusion—the foreperson indicated that the jury was still deliberating, but she believed that it could reach a verdict that afternoon, and she did not believe that the jury was "wasting" time by continuing deliberations.

We overrule appellant's sole issue.

**Conclusion**

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).