Alan Ray ROGERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–99–00174–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 10, 2001.

Decided Jan. 11, 2001.

Ebb B. Mobley, Longview, for appellant.

C. Patrice Savage, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Alan Rogers appeals from his conviction for aggravated assault, enhanced to a first degree felony offense by one prior felony conviction. A jury convicted him, found the enhancement allegation true, and assessed his punishment at imprisonment for life.

Rogers raises two points of error, contending that the court erred by refusing to provide a jury charge on a lesser included offense and by providing an erroneous response to a jury question sent out during deliberations.

The evidence shows that the victim, Regina Ford, was accosted by Rogers while she was in her automobile, which was sitting in her driveway. She lowered her window slightly to talk to him. Rogers pulled on the door, attempting to open it, and told her to get out of the car. Rogers eventually produced a gun, pointed it at the car window, and fired three times, shattering the window but not injuring Ford. He then went back to his vehicle and drove off. Ford went to work and contacted the police later that morning. The evidence shows that she had broken off a romantic relationship with Rogers several days before the incident.

■ A defendant is entitled to a charge on a lesser included offense if (1) the lesser included offense is included within the proof necessary to establish the offense charged, and (2) there is some evidence that would permit the jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App.1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981) (opinion on reh'g).

■ If a defendant either presents evidence that he committed no offense or presents no evidence and there is no evidence otherwise showing he is guilty only of a lesser included offense, then a charge on a lesser included offense is not required. *Bignall v. State*, 887 S.W.2d 21, 22–24 (Tex.Crim.App.1994); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App. 1985).

■ Further, the evidence must establish the lesser included offense as a valid rational alternative to the charged offense. *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim.App.1997). This means that the evidence must allow a jury to rationally conclude that the appellant was guilty only of the lesser included offense.

"Lesser included offense" is a statutorily defined term:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981).

■ The State argues that the offense of deadly conduct, which is either a third degree felony or a Class A misdemeanor, is not a lesser included offense of aggravated assault.

This Court had occasion to discuss the offense of deadly conduct and its relationship with aggravated assault in *Franklin v. State*, 992 S.W.2d 698, 704–06 (Tex. App.—Texarkana 1999, pet. ref'd). In that case, we recognized the controlling authority of *Bell v. State*, 693 S.W.2d 434, 438 (Tex.Crim.App.1985), and that the offense of deadly conduct may indeed be a lesser included offense of aggravated assault.

As we pointed out in a footnote in *Franklin*, despite the authority of *Bell* (which applied the misdemeanor deadly conduct statute), felony deadly conduct is not technically a lesser included offense of aggravated assault by threat.

Under Article 37.09(1) of the Code of Criminal Procedure, deadly conduct is

proven by more facts than are required to prove aggravated assault in this context, because it must be proven not only that a weapon was used or exhibited, but also that it was fired in the direction of the complainant.

Under Article 37.09(2), aggravated assault only requires proof that the defendant used or exhibited a weapon, while felony deadly conduct requires proof that the defendant "discharge[d] a firearm at or in the direction of" the complainant. Thus, the felony deadly conduct statute creates a more serious risk of injury.

Under Article 37.09(3), aggravated assault requires proof of a higher (not a lesser) culpable mental state. Felony deadly conduct requires a knowing mental state, while aggravated assault by threat requires the mental state to be either knowing or intentional.

Under these facts, Article 37.09(4) does not apply because the crime involved was not an attempt, but a completed offense.

Based on this juxtaposition of requirements, we must conclude that the offense of deadly conduct is defined as the broader offense and that aggravated assault by threat in this instance is the lesser included offense.[1] Tex.Pen.Code Ann. § 22.01 (Vernon Supp.2001), §§ 22.02, 22.05 (Vernon 1994).

Thus, we conclude that under these facts, felony deadly conduct is not a lesser included offense of aggravated assault by threat, and the trial court therefore did not err by declining to charge the jury on that offense.

■ Rogers next contends that the court erred by sending an incorrect response to a jury note asking the court about parole law. The way in which questions propounded by the jury are to be addressed is set out by statute.

Tex.Code Crim.Proc.Ann. art. 36.27 (Vernon 1981) reads as follows:

When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.

The note sent to the trial court by the jury asked:

Life = How many years?

Define Life

The court responded as follows:

IF YOU ASSESS A LIFE SENTENCE, THE DEFENDANT MUST SERVE A MINIMUM OF 30 CALENDAR YEARS BEFORE THE DEFENDANT WOULD BE ELIGIBLE FOR PAROLE. THE BOARD OF PARDONS AND PAROLES WOULD THEN DETERMINE IF THE DEFENDANT IS GRANTED PAROLE.

---

1. Admittedly, the punishment ranges are therefore atypical, but there is nothing, other than logic and common sense, that prohibits the Legislature from placing the lesser included offense in a higher punishment range. *See Franklin v. State*, 992 S.W.2d 698, 706–07 (Tex.App.—Texarkana 1999, pet. ref'd) (Grant, J., concurring).

The record does not reflect that the answer was read to the jury in open court as is clearly required by statute, nor does it reflect that the answer was submitted to counsel for review before giving the answer to the jury. The statute also requires that any such proceeding be recorded and made part of the record. That has not occurred. The record, however, also does not reflect that counsel objected to either the procedure or the answer. The issue as now articulated on appeal does not complain of the procedure used in sending the answer to the jury, but argues error only because the answer constituted an improper charge advising the jury of the mathematical effect of parole law. We will thus address the issue as raised.

 When the trial court responds substantively to a jury question during deliberations, that communication amounts to an additional or supplemental jury instruction. *Daniell v. State*, 848 S.W.2d 145, 147 n. 2 (Tex.Crim.App.1993); *Brooks v. State*, 967 S.W.2d 946, 950 (Tex.App.—Austin 1998, no pet.). As previously stated, Rogers did not object on the record to the court's answer as presented to the jury. His point of error may be sustained only if he can show egregious harm, i.e., harm so great that he was denied a fair and impartial trial. *See Skinner v. State*, 956 S.W.2d 532, 544 (Tex.Crim.App.1997); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g).

 In determining whether egregious harm occurred, we review the error "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial court as a whole." *Almanza*, 686 S.W.2d at 171.

Tex.Code Crim.Proc.Ann. art. 37.07, § 4 (Vernon Supp.2001) requires the trial court to send statutorily defined information to the jury as a part of its charge that informs the jury about the nature of the parole system. That charge was not sent to this jury. No objection was made to its absence.

The result in this case is that the jury did not receive the statutory instruction on the application of parole in the charge, but then sought additional information. Rather than providing the entirety of the parole information, the trial court fine-tuned its answer to only the question asked, which was the length of years of imprisonment effected by assessment of a life sentence. By limiting the information provided, however, the court did not provide the additional information pointing out in detail that eligibility for parole did not guarantee that it would be granted, or that the application for parole depended on factors that could not presently be predicted. The statutory definition also directs the jury to consider only the existence of parole law but *not* to consider how it might be applied to this particular defendant. Neither was this information included in the answer provided to the jury's note.

In summary, the answer to the jury's note was not properly given to the jury, presented to counsel for comment and a record made of the actions as is specifically required by statute, and the record does not reflect any waiver by counsel to the procedure required by statute. Necessarily, then, the record also does not reflect that counsel had any opportunity to review or complain about the answer as given. The answer as given is incomplete and does not contain the information which the Legislature has found to be necessary when information about the parole system is provided to a jury. *See Ramos v. State*, 831 S.W.2d 10, 17–18 (Tex.App.—El Paso 1992, pet. ref'd) (holding that where a defendant did not object to the absence of the parole instruction, if the jury raises a question about parole law the court is required to give a full and complete response).[2]

**2.** *See Nixon v. State*, 940 S.W.2d 687, 690–91 (Tex.App.—El Paso 1996, pet. ref'd) (in which

We find error in the charge. The potential punishment range was five to ninety-nine years or life. State's counsel made the following remarks during his closing argument to the jury on punishment:

> [Rogers] has been in jail since September the 9th. The clock has stopped on his crimes over the last ten years. The clock has stopped. The problem is the clock is fixing to start again. Once you come back and you tell us what he should get, then you are just starting the clock back to when he gets out and that next offense that's out there. Because if you think this pattern is going away, what's happened in the last ten years? *How long out on parole* until we do this, convicted felon, pistol, that in and of itself?

(Emphasis added.)

In light of this argument and the fact that Rogers received a life sentence, and further considering the jury's express interest in the effect of parole in this case and the fact that the court's answer did not contain the limiting language mandated by the Legislature, and further considering the court's failure to properly follow the statute setting out the method for answering such questions, we conclude that the error caused egregious harm.

The conviction is affirmed. The determination of punishment is reversed and remanded to the trial court for a new trial on punishment.

the court gave a complete parole instruction when it became apparent from questions that it was considering parole in its deliberations); *see also Arnold v. State,* 786 S.W.2d 295 (Tex. Crim.App.1990) (discussing the dangers inherent in providing a jury with information about the application of parole to a defendant); *cf. Hill v. State,* 30 S.W.3d 505, 509 (Tex.App.—Texarkana 2000, no pet. h.) (discussing the application and importance of incomplete or misleading information provided to a jury about the application of parole).