# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00009-CR

**Christian Potts, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
NO. 30840, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Christian Potts[1] was convicted of aggravated assault by threat of Officer Mike Martin and aggravated assault of Officer Paul Nelson. *See* Tex. Pen. Code Ann. § 22.02 (West Supp. 2005). In his first and second issues, Christian contends that the district court erred in refusing his request for a jury instruction on the lesser included offenses of deadly conduct and resisting arrest for the aggravated assault by threat against Officer Martin. In his third issue, Christian contends that the district court erred in refusing his request for an instruction on the lesser included offense of resisting arrest against Officer Nelson. Because we conclude that Christian was not entitled to jury instructions on the lesser included offenses, we hold that the district court did not abuse its discretion in refusing Christian's requests, and we affirm the district court's judgment.

---

[1] For ease of reference, we will refer to Christian Potts as "Christian." We will refer to Christian's mother as "Mrs. Potts" and Christian's brother as "Bart."

## BACKGROUND

On June 23, 2003, Officer Mike Martin was dispatched to Christian's residence to respond to a disturbance. Officer Martin arrived at the residence in uniform and testified that he heard yelling coming from inside the house. When he approached, Mrs. Potts was standing in the yard and told Officer Martin that her son Christian was inside, that he had a weapon, and that he was "high on something." When Officer Martin looked inside, he observed Christian and his brother Bart struggling; Bart was trying to get a rifle away from Christian. While holding the rifle, Christian shouted, "I'll kill that . . . Mike Martin." Bart feared that his brother, who had twice attempted suicide, might display the gun to force the police to shoot him. Officer Martin then joined Bart in trying to wrestle the gun away from Christian. During the struggle, Christian pointed the gun at Officer Martin and yelled obscenities at him. Officer Martin testified that Christian again threatened to kill him and head-butted him several times during the fray.

Officers Heidi Hagen, Paul Nelson, and Tammy Baker arrived to assist Officer Martin. Officer Hagen testified that Christian bit her hand and caused her other injuries by pushing her down a stairwell. Eventually, through the combined efforts of the officers and Bart, Officer Martin was able to wrest the gun away from Christian. He handed it over to Officer Baker, who removed it from the house and secured it in the trunk of her patrol car. Christian continued yelling and flaying at the officers. When Officer Nelson tried to handcuff him, Christian forcefully kicked the officer in the knee. As a result of the incident, Officer Nelson required surgery and ongoing physical therapy. At the time of trial, he had not regained full use of his knee.

2

Christian was indicted on two counts of aggravated assault on a public servant for threatening Officer Martin with a deadly weapon and for causing serious bodily injury to Officer Nelson. *See* Tex. Pen. Code Ann. § 22.02. Prior to trial, defense counsel presented a motion for a psychiatric examination to evaluate Christian's competency to stand trial, and the court ordered a psychiatric examination.

Christian was evaluated by Dr. William J. Privitera, who indicated on February 12, 2004, that Christian was in need of treatment and was not competent at that time to assist in his own defense at trial. Dr. Privitera also indicated that Christian would likely become competent to assist in his defense if he received adequate treatment. On April 2, 2004, without a hearing, the trial court granted a defense motion to permit Christian to enter a rehabilitation center. Trial convened eight months later, and no further inquiry into Christian's competence is reflected in the record.

At trial, defense counsel argued that Christian's mental problems rendered him incapable of forming the requisite intent to commit aggravated assault on a public servant. The defense's strategy was to characterize Christian's history of mental problems as a "state of mind defense," distinguishable from an insanity defense. The only evidence of Christian's mental illness was Dr. Privitera's report. The report was admitted for the court's consideration only in a hearing about defense counsel's questions for Dr. Privitera.

Outside the presence of the jury, the court heard arguments regarding Christian's state of mind. The court ruled that the defense was not allowed to ask witnesses any questions that might suggest that Christian was out of control because of a mental illness or defect. The court also heard arguments about admitting Dr. Privitera's report and the defense's questions for him. The court

3

ruled that neither the report nor Dr. Privitera's testimony about Christian's mental state was admissible.

At the conclusion of the guilt/innocence phase of the trial, Christian requested instructions on the lesser-included offenses of reckless[2] conduct and resisting arrest. The court denied these requests. The jury found Christian guilty of two counts of aggravated assault of a public servant.

**DISCUSSION**

In three issues, Christian insists that the trial court erred in refusing to instruct the jury on lesser included offenses. In the first count of aggravated assault against Officer Martin, Christian argues that he was entitled to instructions on the lesser included offenses of resisting arrest and reckless conduct. In the second count of aggravated assault against Officer Nelson, Christian argues that he was entitled to an instruction on the lesser included offense of resisting arrest.

The trial judge has the legal duty to prepare a proper jury charge that distinctly sets forth the law applicable to the case. Tex. Code Crim. Proc. Ann. art. 36.14 (West 2003). We review the trial court's denial of a jury instruction for an abuse of discretion. *See Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). In determining whether a defendant is entitled to a lesser included offense instruction, the reviewing court must apply a two-part test. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). First, the lesser included offense must be included within

---

[2] The legislature changed the name of the offense of reckless conduct to deadly conduct in 1993. *See* Tex. Pen. Code Ann. § 20.05 (West 2003). The change was effective September 1, 1994. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3623-24.

the proof necessary to establish the offense charged. *Id.* at 673. Second, some evidence must exist in the record that would permit a jury to find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.* A lesser included offense is determined by looking at (1) the elements of the offense actually charged, (2) the statutory elements of the offense sought as a lesser included offense, and (3) the proof presented at trial to show the elements of the charged offense. *Jacob v. State*, 892 S.W.2d 905, 907-08 (Tex. Crim. App. 1995). Determining whether an offense is a lesser included offense of the charged offense requires a case-by-case analysis. *See Bartholomew v. State*, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994). To warrant a jury instruction on the lesser included offense, the evidence must establish the lesser included offense as a valid, rational alternative to the charged offense. *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000). There must be some evidence to permit a rational jury to find that appellant is guilty only of the lesser offense and not of the greater one. *Lofton v. State*, 45 S.W.3d 649, 653 (Tex. Crim. App. 2001).

**Deadly Conduct Against Officer Martin**

In his first issue, Christian contends that he was entitled to a jury instruction on deadly conduct for the aggravated assault against Officer Martin. However, the State argues that felony deadly conduct is not a lesser included offense of aggravated assault by threat, because more facts are required to prove felony deadly conduct than aggravated assault by threat. *See* Tex. Code Crim. Proc. Ann. art. 37.09(1) (West 2003); *see Rogers v. State*, 38 S.W.3d 725, 728 (Tex. App.—Texarkana 2001, pet. ref'd). To prove felony deadly conduct, the State must not only prove that a weapon was exhibited but also that it was fired. Tex. Pen. Code Ann. § 22.05(b) (West 2003). In the first count of aggravated assault against Officer Martin, nothing in the record indicates that

5

Christian discharged his weapon. With regard to felony deadly conduct, the first prong of the *Rousseau* test was not met. *See* 855 S.W.2d at 673. Accordingly, we need not address the second prong.

The State concedes that misdemeanor deadly conduct does meet the first prong of the *Rousseau* test. *See* Tex. Pen. Code Ann. § 22.05(a), (c). The second prong of the *Rousseau* test requires that some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau*, 855 S.W.2d at 673. For the purpose of determining whether a lesser included instruction is appropriate, it is not enough that the evidence would support a conviction for the lesser included offense if that were the only offense the jury was authorized to convict upon. The record must also reflect a rational basis for the jury to reject conviction of the greater offense. *Donoho v. State*, 39 S.W.3d 324, 330 (Tex. App.—Fort Worth 2001, pet. ref'd.).

In the first count of aggravated assault on Officer Martin, there is no evidence in the record that would permit a jury rationally to find that if Christian is guilty, he is guilty only of the lesser included offense of misdemeanor deadly conduct. A person commits misdemeanor deadly conduct if he recklessly engages in conduct that places another in imminent danger of serious bodily injury. Tex. Pen. Code Ann. § 22.05(a). Recklessness and danger are presumed if the actor knowingly points a gun at or in the direction of another person. *See id.* § 22.05(c). Misdemeanor deadly conduct is not devoid of a mens rea requirement. Rather, to be found guilty of the offense of misdemeanor deadly conduct, recklessness is required. Christian argued that the jury could have inferred from his witnesses' references to his mental problems that he was incapable of forming any

6

intent. Christian did not present any evidence to suggest that he was capable of consciously disregarding the risks associated with pointing a firearm at a police officer but otherwise incapable of intentionally or knowingly threatening an officer with serious bodily injury. Accordingly, if the jury believed that Christian was incapable of forming any intent whatsoever, then the jury would have had to find him innocent of both aggravated assault *and* the lesser included offense of misdemeanor deadly conduct.

Moreover, there is no evidence in the record that indicates that Christian was acting in any way other than intentionally. While holding the gun, Christian shouted that he was going to kill Mike Martin. There is no evidence pointing to recklessness that would enable a jury to find that Christian is guilty of only misdemeanor deadly conduct. *See Lofton*, 45 S.W.3d at 652-53. With regard to misdemeanor deadly conduct, the second prong of the *Rousseau* test was not met. We hold that the trial court did not abuse its discretion in denying Christian's request for an instruction on the lesser included offense of deadly conduct for the aggravated assault against Officer Martin.

**Resisting Arrest Against Officer Martin**

In his second issue, Christian contends that he was entitled to an instruction on the lesser included offense of resisting arrest in count one alleging the aggravated assault against Officer Martin. To meet the first prong of *Rousseau*, Christian must demonstrate that resisting arrest is a lesser included offense of aggravated assault by threat. *See Ford v. State*, 38 S.W.3d 836, 843 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Resisting arrest requires the use of force against a police officer while he is trying to make an arrest. *See* Tex. Pen. Code Ann. § 38.03(a) (West 2003). Aggravated assault by threat requires that the offender use or exhibit a deadly weapon while

7

intentionally or knowingly threatening another with imminent bodily injury.  *See* Tex. Pen. Code Ann. §§ 22.01(a)(2), .02(a)(2) (West Supp. 2005).  The elements of the two crimes are different.  To prove resisting arrest, the State must prove that there was a use of force.  To prove aggravated assault by threat, the State must prove that there was a threat of force.  While holding a gun, Christian said that he was going to shoot Officer Martin.  This is a threat.  Since proof of resisting arrest requires proving different elements than those required for aggravated assault by threat, resisting arrest is not a lesser included offense of aggravated assault by threat.  *See Rousseau*, 855 S.W.2d at 673.  Because the first prong of the *Rousseau* test was not met, we need not discuss the second prong.  We hold that the trial court did not abuse its discretion in denying Christian's request for an instruction on the lesser included offense of resisting arrest for the aggravated assault against Officer Martin.

**Resisting Arrest Against Officer Nelson**

In his third issue, Christian contends that the trial court impermissibly denied a jury instruction on the lesser included offense of resisting arrest against Officer Nelson.  The State does not dispute that in this case, resisting arrest could be a lesser included offense of aggravated assault as charged.  However, the State challenges the assertion that resisting arrest satisfies the second prong of *Rousseau*.  As with the assault against Officer Martin, there is no evidence in the record that would permit a rational jury to find that if the defendant is guilty, he is *only* guilty of resisting arrest.  There is no evidence in the record indicating that Christian was intending merely to prevent his own arrest.  Rather, the evidence clearly points to Christian's intent to injure those around him, including Officer Nelson.  We hold that the trial court did not abuse its discretion in denying Christian's

8

request for an instruction on resisting arrest as a lesser included offense of aggravated assault against Officer Nelson.

## CONCLUSION

Because the trial court did not abuse its discretion in denying Christian's request for lesser included instructions on deadly conduct and resisting arrest, we affirm the trial court's judgment.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   March 17, 2006

Do Not Publish

9