In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00077-CR


______________________________




MARC RUSSELL HICKEY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 35434-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Marc Russell Hickey appeals his convictions for evading detention, aggravated assault,
failure to stop and render aid, and aggravated assault on a police officer. These charges arose out
of a single criminal episode and were tried together. When the police attempted to pull Hickey over
for a defective license plate light, Hickey fled. The chase involved high speeds and lasted over
twenty-five miles in both Rusk and Gregg Counties. While evading a spike strip, Hickey collided
with another vehicle, severely injuring Shirley Roberson. Hickey's vehicle was not immobilized, and
Hickey continued to flee from the police. Eventually, the police shot Hickey's tires, effectuating the
end of the chase. While being pulled from the vehicle, Hickey continued to resist arrest and injured
one of the police officers. The jury found Hickey guilty of evading detention and assessed a sentence
of ten years' imprisonment. 

 Three separate appeals arising from these convictions are presently pending before this Court. 
This appeal concerns Hickey's conviction for evading detention with a vehicle. Hickey raises
identical issues and makes identical arguments in all three of the appeals. Hickey argues 1) the trial
court erred in giving the jury an additional instruction that the sentences would run concurrently, and
2) the trial court erred in sending the trial exhibits into the jury room without a request by the jury
for the exhibits. We affirm.



The Trial Court Did Not Err In Informing the Jury the Sentences Would Be Concurrent

 In his first point of error, Hickey claims the trial court erred in giving the jury an additional
instruction that the sentences would run concurrently. After the jury retired, the jury sent the trial
court a note asking: "Are the terms consecutive or concurrent?" The trial court, over the objection
of the defense, responded, "The sentences you assessed will run concurrent." "When the trial judge
responds substantively to a jury question during deliberations, that communication essentially
amounts to an additional or supplemental jury instruction." Daniell v. State, 848 S.W.2d 145, 147
(Tex. Crim. App. 1993). Hickey argues that the trial court erred in giving the additional instruction
and that the error resulted in harm. 

 Hickey cites Villareal v. State, 205 S.W.3d 103 (Tex. App.--Texarkana 2006, pet. dism'd),
and Rogers v. State, 38 S.W.3d 725 (Tex. App.--Texarkana 2001, pet. ref'd), in support of his
argument. These cases are clearly distinguishable from the current case. Both of these cases
concerned answers to jury questions on parole law. The Texas Court of Criminal Appeals has
explicitly rejected applying the reasoning of cases concerning additional instructions on parole law
to cases involving additional instructions on whether the sentences will run concurrently. Haliburton
v. State, 578 S.W.2d 726, 729 (Tex. Crim. App. 1979).

 The Texas Court of Criminal Appeals has held a trial court does not err in giving an
additional instruction concerning whether sentences will run concurrently. Id.at 730-31; Dickson
v. State, 986 S.W.2d 799, 804 (Tex. App.--Waco 1999, pet. ref'd); see Gordon v. State, 633 S.W.2d
872, 879 (Tex. Crim. App. 1982). Similar to Haliburton, the sentences in this case were required
to be concurrent. Except in certain circumstances not applicable here, the sentences assessed must
run concurrently when two offenses arising out of a single criminal episode are joined for
prosecution in a single trial. Tex. Penal Code Ann. § 3.03(a) (Vernon Supp. 2007). Based on a
policy that "the law should require juries to make informed and intelligent decisions based on every
piece of information available," a trial court does not abuse its discretion in giving an additional
instruction on whether the sentences should run concurrently when the law requires the sentences
to be concurrent. Haliburton, 578 S.W.2d at 731; see Dickson, 986 S.W.2d at 804. The trial court
did not err in giving the additional instruction to the jury under the circumstances of this case.

 Further, Hickey has failed to show harm. In Haliburton, the Texas Court of Criminal
Appeals reasoned: 

 [k]nowledge that the sentences would run concurrently is a two-edged sword. The
information could have been used to increase the punishment or, just as easily, used
to reduce the number of years to avoid excessive punishment. We cannot determine
from the record which path the jury took and, with these alternatives, harm will not
be presumed. 


578 S.W.2d at 728; see McGowan v. State, 664 S.W.2d 355, 358 (Tex. Crim. App. 1984) (no harm). 
Similar to Haliburton and McGowan, we will not presume Hickey was harmed. Hickey's first point
of error is overruled.



Hickey Failed to Preserve Error on Whether the Trial Court Erred In Sending the Trial
Exhibits to the Jury Room Without a Request from the Jury


 In his second point of error, Hickey argues the trial court erred in sending the trial exhibits
to the jury room without a request from the jury. At the conclusion of his instructions to the jury,
the trial court stated, "[T]he punishment exhibits will be taken back into the jury room." According
to Hickey, the trial court's actions constitute error and were also a comment on the weight of the
evidence. 

 Hickey did not object or otherwise complain when the trial court stated it would send the
evidence from the punishment phase of the trial into the jury room. To preserve a complaint for
appellate review, an appellant must have presented to the trial court a timely request, objection, or
motion stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a)(1)(A); Rhoades
v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996). But see Blue v. State, 41 S.W.3d 129, 131
(Tex. Crim. App. 2000) (plurality op.) (trial judge's comments were fundamental error because they
tainted presumption of innocence). This issue has not been preserved for appellate review. 

 Even if error had been preserved for review or if preservation was not required, Hickey has
failed to show reversible error. The Texas Code of Criminal Procedure provides that exhibits shall
be provided to the jury "upon its request." Tex. Code Crim. Proc. Ann. art. 36.25 (Vernon 2006). (1) 
While the trial court's actions did not strictly comply with Article 36.25, Hickey has failed to show
any harm. See Tex. R. App. P. 44.2; VanNortrick v. State, 227 S.W.3d 706, 709 (Tex. Crim. App.
2007) ("no error, save for a narrow category of federal constitutional errors, is exempt from a
harmless error analysis"). Further, the actions were not a "comment on the evidence." Both the
Fourteenth District and the Beaumont Courts of Appeals have held that sending trial exhibits to the
jury room without a request by the jury is not a comment on the weight of the evidence. See Johnson
v. State, 846 S.W.2d 373, 377 (Tex. App.--Houston [14th Dist.] 1992), remanded on other grounds,
853 S.W.2d 574 (Tex. Crim. App. 1993); Robinson v. State, 704 S.W.2d 565, 568 (Tex.
App.--Beaumont 1986, pet. ref'd). We agree with the reasoning of our sister courts. The trial court
did not single out particular exhibits to be sent to the jury or in any way indicate to the jury the
importance of any one piece of evidence over another. Hickey does not argue any of the exhibits
were not admitted into evidence. The trial court did not comment on the evidence. We overrule
Hickey's second point of error.






 For the reasons stated, we affirm Hickey's conviction.



 Jack Carter

 Justice


Date Submitted: January 23, 2008

Date Decided: January 24, 2008


Do Not Publish
1. We note the State argues, citing civil caselaw, that the trial court must send all exhibits into
the jury room. The criminal and civil rules, however, are not equivalent. Compare Tex. R. Civ. P.
281 with Tex. Code Crim. Proc. Ann. art. 36.25. Further, the Texas Supreme Court has held,
despite the permissive language of the civil rule, that a "trial court is required to send all exhibits
admitted into evidence to the jury room during the deliberations of the jury." First Employees Ins.
Co. v. Skinner, 646 S.W.2d 170, 172 (Tex. 1983) ("this rule is self-operative and requires no request
from the jurors or counsel"); Country Vill. Homes, Inc. v. Patterson, 236 S.W.3d 413, 448 (Tex.
App.--Houston [1st Dist.] 2007, pet. filed); Formosa Plastics Corp., USA v. Kajima Int'l, Inc., 216
S.W.3d 436, 464 (Tex. App.--Corpus Christi 2006, pet. denied). The criminal rule contained in the
Texas Code of Criminal Procedure applies in this case. See Tex. Code Crim. Proc. Ann. art. 36.25.