

# IN THE
## TENTH COURT OF APPEALS

### No. 10-09-00057-CR

**GARY COLE WILKERSON,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. F39078**

---

## MEMORANDUM OPINION

---

A jury convicted Gary Cole Wilkerson of three counts of aggravated assault (as lesser-included offenses of aggravated assault of a public servant), unlawful possession of a firearm by a felon, and possession of a prohibited weapon. Wilkerson pleaded true to an enhancement allegation, and the jury assessed his punishment at twenty-five years' imprisonment and a $5,000 fine for each of the aggravated assault convictions, ten years' imprisonment for the unlawful possession conviction, and twenty years' imprisonment for the prohibited weapon conviction. Wilkerson contends in two issues

that: (1) the court erred by denying his motion for instructed verdict on the second count of aggravated assault; and (2) the court erred by denying his request for a charge on deadly conduct as a lesser-included offense of each of the three aggravated assault charges. We will affirm.

## Background

Wilkerson's father called 9-1-1 to report that Wilkerson had assaulted him and was in possession of firearms. Wilkerson has a history of mental health issues and was speaking incoherently. He believed that various federal agencies were trying to get him. He barricaded himself in the house, and a seventeen-hour standoff ensued. Officers tried various tactics to bring the standoff to a peaceful resolution. At one point, officers attempted to gain entry and immobilize Wilkerson with "beanbag" rounds fired from a 12-gauge shotgun. Although they struck him with the beanbags, he was not incapacitated. He responded by shooting toward the area where officers were retreating after the unsuccessful attempt. Officers were later able to enter the home and disarm Wilkerson with a taser.

## Instructed Verdict

Wilkerson contends in his first issue that the court erred by denying his motion for instructed verdict on the second count of aggravated assault because the complainant for that count, Chris Havens, did not testify at trial. Specifically, he contends that the evidence is legally insufficient to establish that Havens was threatened or felt threatened with imminent bodily injury.

A challenge to the denial of a motion for an instructed verdict is a challenge to the legal sufficiency of the evidence. *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997); *Johnson v. State*, 271 S.W.3d 756, 757-58 (Tex. App.—Waco 2008, pet. ref'd). In reviewing a claim of legal insufficiency, we view all of the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential element beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Sells v. State*, 121 S.W.3d 748, 753-54 (Tex. Crim. App. 2003); *Johnson*, 271 S.W.3d at 758.

Under the indictment, the State had to prove that Wilkerson intentionally or knowingly threatened Havens with imminent bodily injury by discharging a firearm in his direction.[1] The two officers who were complainants in the first and third counts of the indictment both testified. Officer Dale Abbott testified that Wilkerson fired shots from inside the house where he had barricaded himself. Abbott later testified that Wilkerson fired these shots "at us." Abbott testified that he "was in fear of being shot, seriously in fear of imminent bodily harm." According to Abbott, Havens was next to him, and Officer Robert Sigler was in front of him.

The other complainant Officer Neal Sandlin testified that he was working with a tactical team consisting of Abbott, Havens, Sigler, and Sandlin. Sigler was holding a ballistic shield, providing cover for Abbott, Havens and himself. Sandlin was an unspecified distance behind them "providing lethal cover" with an assault rifle. He

---

[1] The State argues that Wilkerson's first issue is moot because the jury convicted him of a lesser-included offense. We disagree. For either the charged offense or the lesser-included offense, the jury had to find that Wilkerson intentionally or knowingly threatened Havens with imminent bodily injury.

testified that Wilkerson fired two or three shots "in our general vicinity, in our direction" and that the officers "were in danger at that point."

Viewing this evidence in the light most favorable to the verdict, a rational trier of fact could have found that Wilkerson fired shots in the direction of the four officers and thus threatened each of them with imminent bodily injury. Accordingly, the evidence is legally sufficient to prove Wilkerson threatened Havens with imminent bodily injury by discharging a firearm in his direction. *See Sosa v. State*, 177 S.W.3d 227, 231 (Tex. App.— Houston [1st Dist.] 2005, no pet.).

Wilkerson's first issue is overruled.

### Deadly Conduct

Wilkerson contends in his second issue that the court erred by denying his request for a charge on deadly conduct as a lesser-included offense of each of the three aggravated assault charges. This contention is premised on reasoning similar to that presented in Wilkerson's first issue.

A defendant must satisify a two-part test to obtain a charge on a lesser-included offense. "First, the lesser-included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Smith v. State*, 297 S.W.3d 260, 274-75 (Tex. Crim. App. 2009) (citations omitted).

> An offense is a lesser-included offense of another offense, under Article 37.09(1) of the Code of Criminal Procedure, if the indictment for the greater-inclusive offense either: 1) alleges all of the elements of the

lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced. Both statutory elements and any descriptive averments alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense. If a descriptive averment in the indictment for the greater offense is identical to an element of the lesser offense, or if an element of the lesser offense may be deduced from a descriptive averment in the indictment for the greater-inclusive offense, this should be factored into the lesser-included-offense analysis in asking whether all of the elements of the lesser offense are contained within the allegations of the greater offense.

*Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (per curiam) (op. on reh'g)

(footnotes omitted).

When we include the descriptive averments of the indictment, the elements of aggravated assault in each of the first three counts are:

(1) Wilkerson intentionally or knowingly;
(2) threatened the complainant with imminent bodily injury by discharging a firearm in his direction; and
(3) used or exhibited a deadly weapon, namely, a firearm;
(4) knowing that the complainant was a public servant, namely, a police officer; and
(5) knowing that the complainant was lawfully discharging an official duty, namely, detaining Wilkerson.

*See* TEX. PEN. CODE ANN. § 22.02(a)(2) (Vernon Supp. 2009); Act of May 28, 2003, 78th

Leg., R.S., ch. 1019, § 3, 2003 Tex. Gen. Laws 2963, 2963 (amended 2005) (current version

at TEX. PEN. CODE ANN. § 22.02(b)(2)(B) (Vernon Supp. 2009)).

Conversely, the statutory elements for deadly conduct are:

(1) the defendant knowingly discharges a firearm
(2) at or in the direction of one or more individuals.

*See* TEX. PEN. CODE ANN. § 22.05(b)(1) (Vernon 2003).

Wilkerson argues that he was entitled to the requested instruction because Officer Sandlin's testimony about the threat he posed to the officers constitutes evidence on which a rational jury could have relied to find that he was guilty only of deadly conduct because he did not threaten the officers. *See Smith*, 297 S.W.3d at 275.

The first three counts of the indictment each included the descriptive averment that Wilkerson discharged a firearm in the complainant's direction as the manner and means of committing the offense of aggravated assault. This descriptive averment is identical to the statutory elements for deadly conduct. Therefore, under this indictment, deadly conduct is a lesser-included offense of aggravated assault by threat under article 37.09(1).[2] *See Watson*, 306 S.W.3d at 273; *Rice v. State*, 305 S.W.3d 900, 906-07 (Tex. App.—Dallas 2010, pet. granted) (reckless driving is lesser-included offense of aggravated assault by threat); *Brown v. State*, 183 S.W.3d 728, 732-33 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (same). *But see Rogers v. State*, 38 S.W.3d 725, 727-28 (Tex. App.—Texarkana 2001, pet. ref'd).[3]

The second step of our inquiry requires us to determine whether there is "some evidence in the record that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Smith*, 297 S.W.3d at 275. "[I]t is

[2]    Article 37.09(1) provides, "An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (Vernon 2006).

[3]    The facts of *Rogers* appear close to the facts in Wilkerson's case. *See Rogers v. State*, 38 S.W.3d 725, 727 (Tex. App.—Texarkana 2001, pet. ref'd). But *Rogers* was decided before the Court of Criminal Appeals clarified that "descriptive averments, such as non-statutory manner and means" must be considered in the lesser-included analysis. *See Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (per curiam) (op. on reh'g).

not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Grey v. State*, 298 S.W.3d 644, 653 n.11 (Tex. Crim. App. 2009) (quoting *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003)).

Wilkerson contends that, based on Officer Sandlin's testimony, a rational jury could have found that his act of shooting in the direction of the officers did not threaten them with imminent bodily injury. We disagree. Officer Sandlin testified that the officers "were in danger" when Wilkerson shot in their direction. The jury would have to disbelieve Officer Sandlin's testimony that the officers were in danger before it could find Wilkerson guilty of only deadly conduct. This is not a sufficient evidentiary basis on which to support a request for a lesser-included offense. *See id.* Accordingly, the court did not err by failing to submit the requested charge on the lesser-included offense.

Wilkerson's second issue is overruled.

We affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed September 1, 2010
Do not publish
[CRPM]