IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00057-CR

 

Gary Cole Wilkerson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 18th District
Court

Johnson County, Texas

Trial Court No. F39078

 



MEMORANDUM Opinion



 








            A jury convicted Gary Cole
Wilkerson of three counts of aggravated assault (as lesser-included offenses of     aggravated
assault of a public servant), unlawful possession of a firearm by a felon, and
possession of a prohibited weapon.  Wilkerson pleaded true to an enhancement
allegation, and the jury assessed his punishment at twenty-five years’
imprisonment and a $5,000 fine for each of the aggravated assault convictions,
ten years’ imprisonment for the unlawful possession conviction, and twenty
years’ imprisonment for the prohibited weapon conviction.  Wilkerson contends
in two issues that: (1) the court erred by denying his motion for instructed
verdict on the second count of aggravated assault; and (2) the court erred by
denying his request for a charge on deadly conduct as a lesser-included offense
of each of the three aggravated assault charges.  We will affirm.

Background

            Wilkerson’s father called
9-1-1 to report that Wilkerson had assaulted him and was in possession of
firearms.  Wilkerson has a history of mental health issues and was speaking
incoherently.  He believed that various federal agencies were trying to get
him.  He barricaded himself in the house, and a seventeen-hour standoff
ensued.  Officers tried various tactics to bring the standoff to a peaceful
resolution.  At one point, officers attempted to gain entry and immobilize
Wilkerson with “beanbag” rounds fired from a 12-gauge shotgun.  Although they
struck him with the beanbags, he was not incapacitated.  He responded by
shooting toward the area where officers were retreating after the unsuccessful
attempt.  Officers were later able to enter the home and disarm Wilkerson with
a taser.

Instructed Verdict

            Wilkerson contends in his
first issue that the court erred by denying his motion for instructed verdict
on the second count of aggravated assault because the complainant for that
count, Chris Havens, did not testify at trial.  Specifically, he contends that
the evidence is legally insufficient to establish that Havens was threatened or
felt threatened with imminent bodily injury.

            A challenge to the denial of
a motion for an instructed verdict is a challenge to the legal sufficiency of
the evidence.  McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997);
Johnson v. State, 271 S.W.3d 756, 757-58 (Tex. App.—Waco 2008, pet.
ref’d).  In reviewing a claim of legal insufficiency, we view all of the
evidence in a light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential element beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789, 61 L. Ed. 2d 560 (1979); Sells v. State, 121 S.W.3d 748,
753-54 (Tex. Crim. App. 2003); Johnson, 271 S.W.3d at 758.

            Under the indictment, the
State had to prove that Wilkerson intentionally or knowingly threatened Havens
with imminent bodily injury by discharging a firearm in his direction.[1] 
The two officers who were complainants in the first and third counts of the
indictment both testified.  Officer Dale Abbott testified that Wilkerson fired
shots from inside the house where he had barricaded himself.  Abbott later
testified that Wilkerson fired these shots “at us.”  Abbott testified that he
“was in fear of being shot, seriously in fear of imminent bodily harm.”  According
to Abbott, Havens was next to him, and Officer Robert Sigler was in front of
him.

            The other complainant
Officer Neal Sandlin testified that he was working with a tactical team
consisting of Abbott, Havens, Sigler, and Sandlin.  Sigler was holding a ballistic
shield, providing cover for Abbott, Havens and himself.  Sandlin was an
unspecified distance behind them “providing lethal cover” with an assault
rifle.  He testified that Wilkerson fired two or three shots “in our general
vicinity, in our direction” and that the officers “were in danger at that
point.”

            Viewing this evidence in the
light most favorable to the verdict, a rational trier of fact could have found
that Wilkerson fired shots in the direction of the four officers and thus
threatened each of them with imminent bodily injury.  Accordingly, the evidence
is legally sufficient to prove Wilkerson threatened Havens with imminent bodily
injury by discharging a firearm in his direction.  See Sosa v. State,
177 S.W.3d 227, 231 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

            Wilkerson’s first issue is
overruled.

Deadly Conduct

            Wilkerson contends in his
second issue that the court erred by denying his request for a charge on deadly
conduct as a lesser-included offense of each of the three aggravated assault
charges.  This contention is premised on reasoning similar to that presented in
Wilkerson’s first issue.

            A defendant must satisify a
two-part test to obtain a charge on a lesser-included offense.  “First, the
lesser-included offense must be included within the proof necessary to establish
the offense charged.  Second, there must be some evidence in the record that
would permit a rational jury to find that if the defendant is guilty, he is
guilty only of the lesser-included offense.”  Smith v. State, 297 S.W.3d
260, 274-75 (Tex. Crim. App. 2009) (citations omitted).   

            An offense is a
lesser-included offense of another offense, under Article 37.09(1) of the Code
of Criminal Procedure, if the indictment for the greater-inclusive offense
either: 1) alleges all of the elements of the lesser-included offense, or 2)
alleges elements plus facts (including descriptive averments, such as
non-statutory manner and means, that are alleged for purposes of providing
notice) from which all of the elements of the lesser-included offense may be
deduced.  Both statutory elements and any descriptive averments alleged in the
indictment for the greater-inclusive offense should be compared to the
statutory elements of the lesser offense.  If a descriptive averment in the
indictment for the greater offense is identical to an element of the lesser
offense, or if an element of the lesser offense may be deduced from a
descriptive averment in the indictment for the greater-inclusive offense, this
should be factored into the lesser-included-offense analysis in asking whether
all of the elements of the lesser offense are contained within the allegations
of the greater offense.

 

Ex parte Watson, 306 S.W.3d 259, 273 (Tex. Crim. App.
2009) (per curiam) (op. on reh’g) (footnotes omitted).

            When we include the
descriptive averments of the indictment, the elements of aggravated assault in
each of the first three counts are:

(1)  
Wilkerson
intentionally or knowingly;

(2)  
threatened the
complainant with imminent bodily injury by discharging a firearm in his
direction; and

(3)  
used or exhibited a
deadly weapon, namely, a firearm;

(4)  
knowing that the
complainant was a public servant, namely, a police officer; and

(5)  
knowing that the
complainant was lawfully discharging an official duty, namely, detaining
Wilkerson.

            

See Tex. Pen. Code Ann.
§ 22.02(a)(2) (Vernon Supp. 2009); Act of May 28, 2003, 78th Leg., R.S., ch.
1019, § 3, 2003 Tex. Gen. Laws 2963, 2963 (amended 2005) (current version at Tex. Pen. Code Ann. § 22.02(b)(2)(B)
(Vernon Supp. 2009)).

            Conversely, the statutory
elements for deadly conduct are:

(1)  
the defendant
knowingly discharges a firearm

(2)  
at or in the
direction of one or more individuals.

 

See Tex. Pen. Code Ann.
§ 22.05(b)(1) (Vernon 2003).

            Wilkerson argues that he was
entitled to the requested instruction because Officer Sandlin’s testimony about
the threat he posed to the officers constitutes evidence on which a rational
jury could have relied to find that he was guilty only of deadly conduct
because he did not threaten the officers.  See Smith, 297 S.W.3d at
275.

            The first three counts of
the indictment each included the descriptive averment that Wilkerson discharged
a firearm in the complainant’s direction as the manner and means of committing
the offense of aggravated assault.  This descriptive averment is identical to
the statutory elements for deadly conduct.  Therefore, under this indictment,
deadly conduct is a lesser-included offense of aggravated assault by threat
under article 37.09(1).[2] 
See Watson, 306 S.W.3d at 273; Rice v. State, 305 S.W.3d 900,
906-07 (Tex. App.—Dallas 2010,
pet. granted) (reckless driving is lesser-included offense of aggravated
assault by threat); Brown v. State, 183 S.W.3d 728, 732-33 (Tex.
App.—Houston [1st Dist.] 2005, pet. ref’d) (same).  But see Rogers v.
State, 38 S.W.3d 725, 727-28 (Tex. App.—Texarkana 2001, pet. ref’d).[3]

            The second step of our
inquiry requires us to determine whether there is “some evidence in the record that would
permit a rational jury to find that if the defendant is guilty, he is guilty
only of the lesser-included offense.”  Smith, 297 S.W.3d at 275.  “[I]t
is not enough that the jury may disbelieve crucial evidence pertaining to the
greater offense, but rather, there must be some evidence directly germane to
the lesser-included offense for the finder of fact to consider before an
instruction on a lesser-included offense is warranted.”  Grey v. State,
298 S.W.3d 644, 653 n.11 (Tex. Crim. App. 2009) (quoting Hampton v. State,
109 S.W.3d 437, 441 (Tex. Crim. App. 2003)).

            Wilkerson contends that,
based on Officer Sandlin’s testimony, a rational jury could have found that his
act of shooting in the direction of the officers did not threaten them with
imminent bodily injury.  We disagree.  Officer Sandlin testified that the
officers “were in danger” when Wilkerson shot in their direction.  The jury
would have to disbelieve Officer Sandlin’s testimony that the officers were in
danger before it could find Wilkerson guilty of only deadly conduct.  This is
not a sufficient evidentiary basis on which to support a request for a
lesser-included offense.  See
id.  Accordingly, the
court did not err by failing to submit the requested charge on the
lesser-included offense.

            Wilkerson’s second issue is
overruled.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed September 1, 2010

Do not publish

[CRPM]









[1]
              The State argues
that Wilkerson’s first issue is moot because the jury convicted him of a
lesser-included offense.  We disagree.  For either the charged offense or the
lesser-included offense, the jury had to find that Wilkerson intentionally or
knowingly threatened Havens with imminent bodily injury.





[2]
              Article 37.09(1)
provides, “An offense is a lesser included offense if . . . it is established
by proof of the same or less than all the facts required to establish the commission
of the offense charged.”  Tex. Code
Crim. Proc. Ann. art. 37.09(1) (Vernon 2006).

                





[3]
              The facts of Rogers
appear close to the facts in Wilkerson’s case.  See Rogers v. State,
38 S.W.3d 725, 727 (Tex. App.—Texarkana 2001, pet. ref’d).  But Rogers
was decided before the Court of Criminal Appeals clarified that “descriptive
averments, such as non-statutory manner and means” must be considered in the
lesser-included analysis.  See Ex parte Watson, 306 S.W.3d 259,
273 (Tex. Crim. App. 2009) (per curiam) (op. on reh’g).