ACCEPTED
06-15-00154-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/25/2015 1:15:13 PM
DEBBIE AUTREY
CLERK

No. 06-15-00154-CR

IN THE COURT OF APPEALS

FOR THE

SIXTH JUDICIAL DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/1/2015 10:32:00 AM
DEBBIE AUTREY
Clerk

ARTIS LADELL WILLIAMS, Appellant

VS.

THE STATE OF TEXAS, Appellee

APPEALED FROM THE 71ST DISTRICT COURT

HARRISON COUNTY, TEXAS

CAUSE NO. 15-0053X

APPELLEE'S BRIEF

COKE SOLOMON
CRIMINAL DISTRICT ATTORNEY
HARRISON COUNTY, TEXAS
P.O. BOX 776
MARSHALL, TEXAS 75671
(903) 935-4840

BY:   LAURA M. CARPENTER
ASSISTANT CRIMINAL DISTRICT ATTORNEY
BAR #08618050
ATTORNEY FOR APPELLEE

**Oral Argument is Not Requested**

No. 06-15-00154-CR

ARTIS LADELL WILLIAMS,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

_____

**NAMES OF ALL PARTIES AND ATTORNEYS**
_____

The names and identifying information of all parties and attorneys were correctly

stated in Appellant's brief, except for the following name should include

Laura M. Carpenter as Appellate Attorney on behalf of the State of Texas:

Laura M. Carpenter
Appellate Attorney
Harrison County District Attorney's Office
P.O. Box 776
Marshall, TX   75671
Telephone:   903-935-8408
Facsimile:     903-935-4836
laurac@co.harrison.tx.us

ii

**TABLE OF CONTENTS**

NAMES OF ALL PARTIES AND ATTORNEYS ..............................................................ii

INDEX OF AUTHORITIES ...................................................................................iv

      CASES: ......................................................................................................iv

      CODES, RULES, STATUTES: .......................................................................iv

STATEMENT OF THE CASE ................................................................................ 1

STATE'S REPLY to ISSUE NUMBER ONE. ............................................................ 1

STATE'S REPLY to ISSUE NUMBER TWO. ............................................................ 1

GENERAL STATEMENT OF THE FACTS................................................................. 2

ARGUMENTS AND AUTHORITIES........................................................................ 3

      SUMMARY OF THE ARGUMENT to ISSUE NUMBER ONE...........................3-5

      SUMMARY OF THE ARGUMENT to ISSUE NUMBER TWO ............................ 5

PRAYER ........................................................................................................... 6

CERTIFICATE OF COMPLIANCE……………………………………………………….6

CERTIFICATE OF SERVICE ................................................................................. 6

iii

# INDEX OF AUTHORITIES

CASES:

*Skinner v. State,* 956 S.W.2d 532, 544 (Tex.Crim.App 1987)………………….………4

*Almanza v. State*, 686 s.w.2D 157, 171 (Tex.Crim.App 1984)(opinion on reh'g)....…...4

*Rogers. v. State*, 38 S.W.3d 725 (Tex. App.- Texarkana 2001, pet. ref'd)………………4

*Ramos v. State*, 831 S.W.2d 10, 17-18 (Tex-App-El Paso, 1992, pet ref'd)……………..4

*Stewart v. State*, 293 S.W.3d 853 (Tex.App.-Texarkana 2009)…………………………...5

*.*


CODES, RULES AND STATUTES:

Texas Code of Criminal Procedure Article 37.07(4)(c)  ................................................ 3

.

## STATEMENT OF THE CASE

Appellant, Artis Ladell Williams, was convicted for possession of methamphetamine and possession of cocaine after a plea of guilty in the 71st Judicial District Court in Harrison County, Texas.   At the conclusion of the punishment phase, the jury sentenced him to 10 years imprisonment for possession of methamphetamine and 15 years imprisonment for possession of cocaine.   The sentences are to run concurrently.   (CR154).

Appellant presents his appeal in two issues.

## STATE'S REPLY to APPELLANT'S ISSUE NO. 1

The trial court did not err in the manner of submission of the parole law charge in the punishment charge to the jury.

## STATE'S REPLY TO APPELLANT'S ISSUE NO. 2

The trial court did err in assessing payment of court appointed counsel fees against the appellant, an indigent person.

1

## GENERAL STATEMENT OF THE FACTS

On February 26, 2015, Artis Ladell Williams was indicted for two count of possession of drugs.   CR-8.   Count I alleged possession of methamphetamine in an amount of more than one gram but less than four grams, a third degree felony.   Count II alleged possession of cocaine in an amount more than four grams but less than 200 grams, a second degree felony.

On September 8, 2015, the trial started.   After 2 ½ hours of testimony from two State witnesses, the defendant changed his plea of not guilty to guilty on both counts.   6 RR 72-74.

On September 9, 2015, the trial for punishment began before the jury. The State introduced Mr. Williams' criminal history of ten misdemeanor offenses.   8 RR SX 61-72.   Six witnesses testified for the defendant in support of his application for community supervision.   The State in closing argument asked the jury to sentence the defendant to 10 years and 15 years.   7 RR 105.   The jury sent a note to the judge during deliberations asking whether the sentences would run concurrently or consecutively.   CR-138.   The trial court responded stating for the jury to determine the sentence based on the law given and the facts presented.   CR-139.   The jury assessed 10 years for possession of methamphetamine and 15 years for possession of cocaine. CR 145-146

## STATE'S REPLY to ISSUE NUMBER ONE

The trial court did not err in the manner of submission of the parole law charge in the punishment charge to the jury.

## SUMMARY OF THE ARGUMENT

The trial court properly submitted the instruction on parole law per the statutory language of the Texas Code of Criminal Procedure Article 37.07(4)(c).

## ARGUMENTS AND AUTHORITIES REPLY to ISSUE ONE

The punishment charge given to the jury tracked the language as set forth in Texas Code of Criminal Procedure 37.07(4)(c) regarding parole law.   CR-142.   This statutory language applies to second and third degree convictions.   In this case, Count I involved a third degree felony and Count II involved a second degree felony.

Appellant argues that the court erred in submitting one parole law instruction for the two counts, yet provides no case law or statute to support this argument. The defendant made no objection to the charge. 7 RR 89.   At no time in the case did the State nor the defendant ever mention parole. 7 RR 93-105.

During jury deliberation, the foreman sent a note to the court asking if the sentences would run concurrently or consecutively.   CR-38.   The trial court responded that the jury is to determine the sentence based on the law given and the facts presented.   CR-139, 7 RR 107.   The defendant made no objection to the trial court's response.

3

Appellee agrees with Appellant's argument that since Appellant did not object to the punishment charge nor to the judge's response to the jury note, his appellate complaint may be sustained only if he can show egregious harm, i.e., harm so great that he was denied a fair and impartial trial. *Skinner v. State*, 956 S.W.2d532, 544 (Tex.Crim.App. 1997). *Almanza v. State*, 686 S.W. 2d 157, 171 (Tex.Crim.App. 1984) (opinion on reh'g).

In determining whether egregious harm occurred, we review the error "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record the trial as a whole." *Almanza*, 686 S.W.2d at 171.

Appellant argues that based on the jury's note that the jury was concerned with the application of the parole law. Appellant cites *Rogers v. State*, 38 S.W.3d 725 (Tex.App.-Texarkana 2001, pet. ref'd) as supporting case law for application to this case. *Rogers* is distinguishable because in that case the trial court did not provide the statutory instruction on the application of parole in the charge. Further, after receiving a request from the jury, the trial court gave a limited answer and still failed to provide the statutory language.

*Ramos v. State*, 831 S.W.2d 10, 17-18 (Tex-App –El Paso, 1992, pet ref'd) held that where a defendant did not object to the absence of the parole instruction, if the jury raises a question about parole law, the court is required to give a full and complete response.) In this instance, the trial court referred the jury back to the charge which stated the complete statutory language of Tex.Code Crim. Proc. Ann. Art 37.07 (4)(c).

4

In *Stewart v. State*, 293 S.W.3d 853 (Tex.App.- Texarkana 2009) the court set out four categories to review harm: on the entirety of the jury charge; the state of evidence, the contested issues, and the weight of the probative evidence; on the arguments made by counsel; and on any other relevant information by the record.

The jury charge in this case tracked the statutory language regarding parole application, including the standard curative language. The Defendant plead guilty to the two counts and evidence was introduced regarding his ten misdemeanor offenses. Neither the State nor the defendant ever mention parole in voir dire or in argument. The jury's note which may have indicated the jury's interest in and consideration of parole during its deliberations was responded to by the trial court in referring back to the charge which, again, tracked the correct statutory parole instruction including the standard curative language. The Appellant has failed to show any harm, much less any egregious harm.

Appellant's Issue Number One should be overruled.

## STATE'S REPLY TO APPELLANT'S ISSUE TWO

.Appellee agrees with Appellant that the trial court judgment should be modified to delete the assessment of court appointed counsel fees.

.

**PRAYER**

The trial court having committed no reversible error as to Issue One, Appellee respectfully prays this Court affirm the judgment of the court below as to Issue One and to modify the judgment to delete the assessment of court appointed counsel fees.

> Respectfully Submitted
> Coke Solomon
> Criminal District Attorney
> Harrison County, Texas

> By:   /s/ Laura M. Carpenter
> Laura M. Carpenter,
> Assistant District Attorney
> Bar Card #08618050

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief contains 1489 words according to the computer program used to prepare the document.

> /s/ Laura M. Carpenter
> Laura M. Carpenter

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Appellee's Brief has been faxed to the attorney for Appellant, Ebb Mobley, this 25th day of November, 2015, by e-file.

> /s/ Laura M. Carpenter
> Laura M. Carpenter